# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                         )
Estate of John Buonocore III, *et al.*,  )
                                         )
            Plaintiffs,                  )
                                         )
     v.                                  )   Civil Action No. 06-00727 (GK)
                                         )
Great Socialist People's Libyan          )
Arab Jamahiriya, *et al.*,               )
                                         )
            Defendants.                  )
_____)

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW the Plaintiffs, by and through counsel, and hereby file Plaintiffs' Sur-Reply to Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss for the limited purpose of responding to the Defendants' arguments, raised for the first time in the Defendants' Reply, regarding (1) the interpretation of the statute of limitations provision of the FSIA, 28 U.S.C. § 1605(f), and (2) the propriety of substituting the estate of Defendant Ibrahaim al-Bishari.

**I.    Defendants Blatantly Mischaracterized the Plaintiffs' Arguments And Precedential Support Regarding The Applicable Statute of Limitations.**

On December 5, 2006, Libya filed its Motion to Dismiss, asserting a number of arguments, which the Plaintiffs opposed by filing their Opposition on January 19, 2007. The Defendants' primary argument relates to the statute of limitations that applies to cases, such as this one, brought pursuant to the state-sponsored terrorism exception to foreign sovereign immunity, 28 U.S.C. § 1605(a)(7). The applicable statute of limitations provision of the FSIA states:

> No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the cause of action arose. **All principles of equitable tolling, including the period during which the foreign state was immune from suit, shall apply** in calculating this limitation period.

28 U.S.C. § 1605(f) (emphasis added).

The Defendants' statute of limitations argument in their Motion to Dismiss relied solely on their assertion that the common law doctrine of equitable tolling should not apply to the Plaintiffs' claims, and on their mistaken belief that the Plaintiffs set forth causes of action under the Torture Victim Protection Act. (Defs' Mot. to Dismiss pp. 6-12.) The Defendants completely ignored the case law of this and other circuits, which interprets § 1605(f) to require that the years when Libya was immune are not considered in calculating the statute of limitations. (Defs' Mot. to Dismiss pp. 6-12.) Consequently, as the Plaintiffs set forth in their Opposition, the 10-year period for filing cases under § 1605(a)(7) was tolled until the state-sponsored terrorism exception was passed on April 24, 1996, thus allowing the Plaintiffs until April 24, 2006 to file their claims. (Pltf's Opp'n pp. 36-42.)

The Defendants addressed the interpretation of § 1605(f) in the aforementioned caselaw for the first time in their Reply, yet the Defendants completely misrepresented the state of the law and the Plaintiffs' Opposition to this Court, erroneously concluding that "[t]here is no substantive support in any case or in the legislative history for the Plaintiffs' position that they have 10 years after the enactment of Section 1605(a)(7) to file their claims." (Defs' Reply at 10.) The Defendants incorrectly and repeatedly state that the Plaintiffs only supported their analysis of the applicable statute of limitations in §

2

1605(f) by relying upon dicta in *Flatow v. Islamic Rep. of Iran*, 99 F. Supp. 1, 23 (D.D.C. 1998) and decisions of other circuits. (Defs' Reply at 10.)

Defendants blatantly ignored further precedent based on reasoned analysis, which is contrary to the Defendants' statute of limitations argument and which the Plaintiffs clearly cited in their Opposition. As the Plaintiffs made clear in their Opposition, there is a "large body of precedent in this Circuit which has found that the equitable tolling provision in § 1605(f) extended the filing deadline for claimants under the state-sponsored terrorism exception until, at least, April 24, 2006." (Pltf's Opp'n p. 35.) The Plaintiffs cited to several cases from the D.C. Circuit in support of their position, including *Collett v. Socialist People's Libyan Arab Jamahiriya*, 362 F. Supp. 2d 230, 242 (D.D.C. 2005); *Wyatt v. Syrian Arab Republic*, 398 F. Supp. 2d 131, 145 (D.D.C. 2005); and *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46, 60 (D.D.C. 2003). (Pltf's Opp'n p. 36.)

The Defendants have therefore distorted the very clear statement of the law in this Circuit, accurately set forth in the Plaintiffs' Opposition, which requires that "the statute of limitations for the plaintiffs' claims must be tolled to begin when the defendants were stripped of their immunity with the 1996 enactment of 28 U.S.C. § 1605(a)(7)." *Collett*, 362 F. Supp. 2d at 242; *Wyatt*, 398 F. Supp. 2d at 145 (holding that the plaintiffs claims were not time-barred because "[u]nder the terms of § 1605(f), all claims brought under § 1605(a)(7) are tolled up to April 24, 1996, the date of passage of § 1605(a)(7) and the first date that any foreign state's immunity was waived."); *Peterson v. Islamic Republic of Iran*, 264 F. Supp. 2d 46, 60 (D.D.C. 2003) (holding that the plaintiffs' actions were not time-barred because "28 U.S.C. § 1605(f) provides for a statute of limitations of '10

years after the date on which the cause of action arose,' and provides for equitable tolling during the 'period during which the foreign state was immune from suit.' . . . [and] [t]he state of Iran was immune from suit until passage of Pub. L. 104-132 . . . on April 24, 1996.") (quoting 28 U.S.C. § 1605(f)); *Flatow*, 999 F. Supp. at 23 (ruling that "as a matter of law that the earliest possible date for the statute of limitations to expire for any action brought pursuant to 28 U.S.C. § 1605(a)(7) and 28 U.S.C.A. § 1605 note will be April 24, 2006"). Accordingly, for these reasons and for the reasons set forth in Plaintiffs' Opposition to the Defendants' Motion to Dismiss, the Plaintiffs timely filed their Complaint on April 21, 2006, and the Defendants' Motion to Dismiss on these grounds should be denied.

II.     **The Substitution of Defendant Al-Bishari's Estate Is Proper.**

The Defendants also argued in their Motion to Dismiss that the Plaintiffs could not state a claim against Defendant Ibrahaim al-Bishari because he died in a car accident on September 13, 1997. (Defs' Mot. to Dismiss at 12.) In response, the Plaintiffs stated in their Opposition that they would "amend their Complaint to substitute Defendant Al-Bishari's estate as a defendant in accordance with the Federal Rules of Civil Procedure." (Pltf's Opp'n at 31.) In its Reply, Libya argued for the first time that the Plaintiffs must provide specific authority in support of their ability to substitute Defendant al-Bishari's estate. (Defs' Reply at 13.) According to the Defendants, the Plaintiffs must provide "support for the proposition that the estate of a government official may be liable for acts undertaken by the deceased official within the scope of his duties." (Defs' Reply at 13.) Although Plaintiffs believe that this argument is not ripe because the Plaintiffs have not

4

yet moved to substitute Al-Bishari's estate, out of an abundance of caution the Plaintiffs submit that substitution of the estate would be proper in this case under well-settled law.

Claims that seek to impose *personal* liability upon a government official for acts taken within his *official* capacity are suits against the individual in his personal capacity rather than suits against the state itself. *Kentucky v. Graham*, 473 U.S. 159 (1985). The Flatow Amendment provides that an official, employee or agent of a foreign government may be held personally liable for acts taken within the scope or duty of his office. *See generally, Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 03-cv-749 (GK) (June 30, 2005 Opinion)*; Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004). Accordingly, as discussed at length in Plaintiffs' Opposition, the Plaintiffs' claims against the individual government officials under the Flatow Amendment are claims against these defendants in their personal capacity, although for the purposes of service they constitute the state itself. (Pltf's Opp'n at pp. 48-53.)

"Should [a government] official die pending final resolution of a personal-capacity action, the plaintiff would have to pursue his action against the decedent's estate." *Kentucky*, 473 U.S. at 166 n.11; *Pugh v. Great Socialist People's Libyan Arab Jamahiriya*, 2006 WL 3284915 at * 6 (D.D.C. 2006). Accordingly, upon identification of the personal representative of Defendant Al-Bishari's estate, Plaintiffs will, with leave of court pursuant to Fed. R. Civ. P. 15, amend their Complaint to substitute Defendant Al-Bishari's estate as a defendant.

WHEREFORE for the reasons set forth herein and in the Plaintiffs' Opposition to the Defendants' Motion to Dismiss, the Defendants' Motion to Dismiss should be denied.

5

Dated: March 23, 2007              Respectfully submitted,

                                          HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC  20036
Telephone: 202.463.1818
Telefax: 202.463.2999
Email: trkalik@hnklaw.com

By: _/s/ Tracy Reichman Kalik_____
    Richard D. Heideman (No. 377462)
    Noel J. Nudelman (No. 449969)
    Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, Fifth Floor
Washington, DC 20036
Telephone: 202-955-9055
Facsimile:    202-955-3806

*Of Counsel for Plaintiffs:*

F. R. Jenkins (Virginia Bar No. 36302)
MERIDIAN 361 INTERNATIONAL LAW GROUP, PLLC
Room 146
Temple Chambers, Temple Avenue
London EC4Y 0DA
United Kingdom
Telephone: + 1-866-338-7087
Telefax: + 1-800-214-1494