UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of John Buonocore III, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-00727 (GK) |
| ) | |
| Great Socialist People's Libyan ) | |
| Arab Jamahiriya, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO A QUESTION RAISED BY THE COURT DURING THE JUNE 12, 2007 ORAL ARGUMENT**

COME NOW Plaintiffs, by and through counsel, and hereby file their Supplemental Brief in Response to a Question Raised by the Court During Oral Argument. At oral argument on June 12, 2007, the Court inquired[1] of Plaintiffs' counsel as to the reason Plaintiffs did not file their Complaint until April, 21 2006. To supplement the reasons set forth in Plaintiffs' Opposition to the Defendants' Motion to Dismiss and the reasons set forth at oral argument, Plaintiffs submit this Supplemental Brief setting forth in the alternative an equitable tolling argument.

Plaintiffs did not present an argument in their Opposition as to why the circumstances prior to the filing of the case would allow the Court to equitably toll the statute of limitations for ten years. They did not believe then and do not believe now that the application of equitable tolling is required to bridge or extend the period between

---

[1] The Court asked Plaintiffs why they did not file until April 21, 2006, or in other words, assuming *arguendo* the correctness and applicability of Vine v. Republic of Iraq, 459 F. Supp. 2d 10, 21 (D.D.C. 2006), why the statute of limitations should be equitably tolled for Plaintiffs.

April 24, 1996 and the date of filing, April 21, 2006.  However, in an abundance of caution, and in further answer to the question posed by the Court at oral argument, it must be noted that at no time prior to the filing of the Complaint was there a question as to whether or not Plaintiffs were entitled to the full ten years from April 24, 1996, and Plaintiffs relied upon unambiguous and uniform judicial interpretations of 28 U.S.C. § 1605(f) in making what they believed then, and believe today, was a timely filing.

Plaintiffs argued in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss that the ten year limitations period in 28 U.S.C. § 1605(f) did not begin to run until April 24, 1996, and stated therein:

> Subsection 1605(f) includes the words:
>
> All principles of equitable tolling, including the period during which the foreign state was immune from suit, shall apply in calculating this limitation period.
>
> This is not an invitation to toll the statute of limitations only under "extraordinary circumstances" as Libya argues.  These words are a command from Congress to employ the principles of equitable tolling in the calculation of the limitation period itself.

Plaintiffs' Opp. Mem. at 38.  Plaintiffs' counsel argued to the Court that the clock for the filing did not even begin to run until April 24, 1996.  See e.g., United States v. Saro, 252 F.3d 449, 454 (D.C. Cir. 2001) ("The Supreme Court has explained that 'principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped.'") (quoting United States v. Ibarra, 502 U.S. 1, 4 n.2, 116 L. Ed. 2d 1, 112 S. Ct. 4 (1991)).  Plaintiffs seek to supplement their brief and argument to address the Court's

inquiry whether, assuming *arguendo* the application of Vine, the principle of equitable tolling permitted the Plaintiffs until April 24, 2006 to file their Complaint.

The relevant facts are as follows: (a) the attack occurred on December 27, 1985; (b) at the time, the Defendants, as a foreign government and its entities, were immune from suit; (c) Congress adopted § 1605(f) which was signed into Public Law on April 24, 1996, which for the first time permitted actions against Libya, and the other designated state sponsors of terrorism, for acts committed during the "period during which the foreign state was immune from suit", i.e. for the period prior to April 24, 1996; and (d) this action was filed on April 21, 2006, within ten years after the passage of § 1605(f).

Prior to their filing, all cases in this Circuit interpreting the very particular limitations language in 28 U.S.C. § 1605(f) confirmed Plaintiffs' interpretation of the statute, that it protected their filing at any time until April 24, 2006. See e.g., Collett v. Socialist People's Libyan Arab Jamahiriya, 362 F. Supp. 2d 230, 242 (D.D.C. 2005). Vine v. Republic of Iraq, was the first, and to date the only known, decision to hold otherwise. 459 F. Supp. 2d 10, 21 (D.D.C. 2006). The decision in Vine issued on September 7, 2006, over four months **after Plaintiffs filed their Complaint** in this case.

Therefore, should the Court apply the reasoning found in Vine and disagree with Collett, Wyatt, Peterson, and Flatow and Plaintiffs' own interpretation of 28 U.S.C. § 1605(f), an interpretation that is grounded in the well-settled FSIA precedent in this Circuit that justifiably permitted Plaintiffs to believe they could safely file at any time until April 24, 2006, the Court should exercise its discretion to equitably toll the statute of limitations based upon Plaintiffs' "excusable ignorance" of Vine.

3

"Excusable ignorance" is an equitable tolling doctrine that may operate where a plaintiff files in accordance with authoritative interpretations of the statute of limitations available at the time of filing, and after the filing a new limitations rule is enunciated that makes the plaintiff's filing untimely.  Griffin v. Rogers, 399 F.3d 626, 637 (6th Cir. 2005).  Equitable tolling is sometimes appropriate when a litigant has received inadequate notice.  Baldwin County Welcome Center v. Brown, 466 US 147 (1984).  Indeed, "equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period."  Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998) (emphasis added).

If "all principles of equitable tolling" apply in calculating this limitation period, as 28 U.S.C. § 1605(f) requires, then the Court should analyze the doctrine of "excusable ignorance".  Plaintiffs could not have had actual or "constructive notice" of an interpretation of Section 1605(f) at odds with the interpretation accorded the Section in Flatow v. Islamic Republic of Iran, 999 F. Supp. 1, 23 (D.D.C. 1998), and in all other relevant Circuit decisions prior to their filing, because the Vine decision had not yet been decided.  These circumstances were fully beyond Plaintiffs' control and justify equitable tolling.  See Socop-Gonzalez v. INS, 272 F.3d 1176, 1193 (9th Cir. 2001).

Plaintiffs believed they had ten years from the time Libya's immunity was lifted to file an action.  Plaintiffs proceeded in reasonable reliance upon 28 U.S.C. § 1605(f) and also on the unambiguous and unanimous decisions and guidance handed down by every court in this Circuit ever to address the meaning of the Section 1605(f), prior to Vine, which was not rendered until four months **after Plaintiffs filed their Complaint in this case**.  Moreover, to have expected Plaintiffs to have adapted Phillips to FSIA

4

jurisprudence, when no court in this Circuit had taken that step, would further be inequitable to the Plaintiffs, and would serve to deny them their just day in court for the heinous acts committed by the Defendants.

Since, as argued at the hearing, the quality of evidence in cases against state-sponsors of terrorism under 28 U.S.C. § 1605(f) only improves as time passes, equitable tolling is especially appropriate in these cases.  In fact, in civil anti-terrorism cases it may be equitable tolling that serves the judicial interest in "evidentiary accuracy and repose" rather than the mechanistic application of the statute of limitations seen in more routine cases.  Phillips v. Heine, 984 F.2d 489, 492 (D.C. Cir. 1993).

## CONCLUSION

For the foregoing reasons, and those identified during oral argument and in Plaintiffs' Opposition to Defendants' Motion to Dismiss, the Court should reject the Defendants' attempt to bar this action as untimely filed, and should deny the pending motion to dismiss.

Dated: July 2, 2007						Respectfully submitted,

							HEIDEMAN NUDELMAN & KALIK, P.C.
							1146 19th Street, N.W., Fifth Floor
							Washington, DC  20036
							Telephone:  202.463.1818
							Telefax:  202.463.2999
							Email: trkalik@hnklaw.com

							By:  /s/Richard D. Heideman_____

							  /s/ Tracy Reichman Kalik_____
							Richard D. Heideman (No. 377462)
							Noel J. Nudelman (No. 449969)
							Tracy Reichman Kalik (No. 462055)

							Steven R. Perles (No. 326975)
							Edward MacAllister   (No. 494558)
							THE PERLES LAW FIRM, PC
							1146 19th Street, NW, Fifth Floor
							Washington, DC 20036
							Telephone: 202-955-9055
							Facsimile:     202-955-3806

							*Of Counsel for Plaintiffs:*

							F. R. Jenkins (Virginia Bar No. 36302)
							MERIDIAN 361 INTERNATIONAL LAW GROUP, PLLC
							Temple Court Chambers
							New Court
							Temple
							London EC4Y 9BE
							United Kingdom
							Telephone: + 1-866-338-7087
							Telefax: + 1-202-315-3894

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 2nd day of July, 2007, I caused the above Supplemental Response to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

                                               *Tracy Reichman Kalik, Esq.*