UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of John Buonocore III, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-00727 (GK) |
| ) | |
| Great Socialist People's Libyan ) | |
| Arab Jamahiriya, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' PRAECIPE REGARDING STATUS OF FURTHER
PROCEEDINGS BEFORE THIS COURT**

COME NOW the Plaintiffs, and pursuant to this Court's Minute Order entered January 8, 2008 file this Praecipe to advise the Court as to proposed further proceedings before this Court, and in support thereof advise the Court as follows:

1. This action was commenced on April 21, 2006 by the Plaintiffs.

2. The Court entered default against the Syrian Defendants on October 4, 2006.

3. Pursuant to a Motion to Dismiss filed by the Libyan Defendants, the Court rendered its Memorandum Opinion and Order dismissing the Libyan Defendants, which was appealed by the Plaintiffs as Appellants.

4. The Libyan Defendants/Appellees filed a Motion to Dismiss the appeal on the grounds that the District Court had not entered a final judgment as to all Defendants in the within action.

5. On January 4, 2008, the U.S. Court of Appeals for the District of Columbia Circuit granted Defendants' Motion to Dismiss the appeal finding that the Court had not fully disposed of Plaintiffs' claims against the Syrian Defendants because only defaults, and not default judgments, had been entered against the Syrian Defendants.

6. On January 11, 2008, the mandate was issued by the Clerk of the U.S. Court of Appeals, returning this matter back to United States District Court for the District of Columbia for further proceedings.

7. Subsequently, on January, 28, 2008, the President of the United States signed into law the National Defense Authorization Act of 2008, Pub. L. No. 110-181.  Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaces it with 28 U.S.C. § 1605A.

8. Plaintiffs advise the Court that this new law provides wide-scale extensive legislative revisions to the FSIA provisions, which specifically govern actions against U.S. designated state sponsors of terrorism.  A copy of the new law Pub. Law No. 110-181, Sec. 1083, Terrorism Exception to Immunity, which contains the new 28 U.S.C § 1605A, is attached hereto as Exhibit A for the Court's reference.

9. This new law provides, in pertinent part, the following modifications:

a. Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection 28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[1] 28 U.S.C. § 1605A(c). Said private cause of action allows claims to be brought if the claimant or the victim, was, at the time of the terrorist act, a national of the United States. The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages. In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents. 28 U.S.C. § 1605A(c).

b. Clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also for the reasonably foreseeable property losses, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based. 28 U.S.C. § 1605(A)(d).

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency."

3

    c. Provides that the amendments made by this new law apply to pending cases. Pub. Law No. 110-181, Sec. 1083(c)

    d. Specifically the new law says that with regard to pending cases, such as this one, the defenses of res judicata, collateral estoppel and <u>limitation period are waived</u> and instructs Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. § 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2)(B)(emphasis added.)

    e. Clarifies that actions may be maintained under this new Section if the action (or a related action) was commenced under the old provisions of 28 U.S.C. § 1605(a)(7) not later than the latter of –

      '(1) 10 years after April 24, 1996;[2] or

      '(2) 10 years after the date on which the cause of action arose.

28 U.S.C. § 1605A(b);

    f. Provides a 60 day window, from January 28, 2008 (the date of enactment) until March 28, 2008 for additional related actions to be brought which arise out of the same act or incident, provided there is a related action that has been timely brought. Pub. Law No. 110-181, Sec. 1083(c)(3).

    g. Clarifies that foreign states who are subject to private rights of action under 28 U.S.C. § 1605A are no longer entitled to "collateral order" doctrine appeals, but rather may only appeal interlocutory orders from

---

[2] As noted in paragraph 1 above, the within action was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

4

      the District Court if the appeals are properly taken and certified by the District Court as interlocutory appeals pursuant to 28 U.S.C. § 1292(b).

10. Accordingly, as this new law has now been enacted, Plaintiffs have advised the Defendants that pursuant to Fed. R. Civ. P. 54(b) they will be filing with this Court a Motion to Reconsider its Order of July 9, 2007 based on a significant change in the law. The Defendants have advised Plaintiffs that they do not consent to the filing of a Motion to Reconsider and reserve their right to file a substantive response thereto. As Congress has now unequivocally spoken to clearly indicate that the Plaintiffs had until April 24, 2006 to file their complaint and that accordingly when the Plaintiffs filed their cause of action on April 21, 2006, it is clear on the face of the complaint that the Plaintiffs had timely brought their claims within the applicable limitations period, and therefore this Court should vacate its Order dismissing Plaintiffs' claims based upon the statute of limitations issue that had been raised by the Libyan Defendants in their original Motion to Dismiss

11. Moreover, Plaintiffs intend to file a Motion for Leave to file an Amended Complaint, to which Defendants advise they also do not consent. The Plaintiffs accordingly advise the Court that their Amended Complaint will, *inter alia*, contain the following amendments that are explicitly allowed by the new law:

    a. clarify that all Plaintiffs are bringing claims under 28 U.S.C. § 1605A and pursuant to the federal cause of action created by § 1605A(c); and

    b. clarify that damages, including punitive damages, are being sought against all Defendants, including both the foreign states of Libya and Syria, and the instrumentalities and individuals named.

    c. add as party plaintiffs additional U.S. national plaintiffs whose deaths and injuries arise out of the Rome Airport Attack; specifically the claims of the Estate of Natasha Simpson, Victor Simpson, Michael Simpson and Daniella Simpson ("Simpson Plaintiffs"). Pub. Law. No. 110-181, Sec. 1083(c)(3)

12. Finally, Plaintiffs hereby advise the Court that, out of an abundance of caution, in the event the Court does not grant Plaintiff's motion for leave to file an Amended Complaint within the statutory 60 day filing period ending March 28, 2008, and deem it a re-filed action pursuant to Pub. Law No. 110-181, Sec. 1083(c)(2)(B)(ii), then Plaintiffs will re-file a new action under 28 U.S.C. 1605A(c) against these same Defendants, pursuant to Pub. Law No. 110-181, Sec. 1083(c)(2)(B)(ii). Specifically, Pub. Law No. 110-181, Sec. 1083(c)(2)(B)(ii) provides in pending cases that:

    (B) DEFENSES WAIVED- the defenses of res judicata, collateral estoppel, and <u>limitation period are waived</u>—

        (ii) in action that was originally brought before the date of the enactment of this Act, under section 1605 (a)(7) of

>   title 28, United States Code, or section 589 of the Foreign
>   Operations, Export Financing, and Related Programs
>   Appropriations Act, 1997 (as contained in section 101(c) of
>   division A of Public Law 104-108) and is re-filed under
>   section 1605A(c) of title 28, United States Code,
>
>  to the extent that such defenses are based on the claim in the
> action. (Emphasis added.)
>
> As this case was originally brought before the enactment of Pub.Law No. 110-181, Sec. 1083, and the Libyan Defendants have argued the defense of limitation period as it applies to the Plaintiffs' claims in this action, and as the Congress has now said that in pending cases, that defense of limitations period is unequivocally waived, Plaintiffs will re-file their claims, as a new civil action, under 28 U.S.C. § 1605A(c), if the Amended Complaint is not deemed by this Court to be a re-filing in compliance with the new law.[3]

13. Accordingly, the Plaintiffs, having sought the consent of the Defendants to the filing of a Joint Praecipe, but having been advised by the Defendants that they do not so consent and that they intend to file their own Praecipe, respectfully request that this Court enter an Order which:

   a. returns this matter to an open/active case on the Court's docket;

   b. orders that Plaintiffs shall have until February 22, 2008 to file their Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b);

---

[3] Plaintiffs maintain that this will be a waste of judicial economy but are prepared to do so to insure their compliance with the new statute.

        Defendants shall have until March 5, 2008 to file any opposition thereto, and Plaintiffs shall have until March 12, 2008 to file a Reply Brief, after which said Motion shall stand submitted to the Court for ruling, subject to further orders of the Court.

    c. orders the Plaintiffs shall have until February 22, 2008 to file their Motion for Leave to File Amended Complaint with said Amended Complaint to be attached thereto; and that the Defendants thereafter shall consent to or oppose said filing within 11 days of Plaintiffs' filing, with the Plaintffs having 5 days thereafter to file a Reply thereto, after which said Motion shall stand submitted to the Court for forthwith ruling, subject to further orders of the Court.

14. Plaintiffs respectfully will request of the Court an expedited ruling on these matters based upon the new law's 60 day statutory filing requirement under Pub. Law. No. 110-181, Sec. 1083(c)(3). The new law requires a new action to be brought under Pub. Law. No. 110-181, Sec. 1083(c)(3) within 60 days of the date of enactment of the new law, which would be March 28, 2008.

15. A proposed Order is attached.

February 12, 2008        Respectfully Submitted,

        HEIDEMAN NUDELMAN & KALIK, PC  
        1146 19th Street NW, Fifth Floor  
        Washington, DC 2008  
        Telephone: 202.463.1818  
        Facsimile: 202.463.2999  

        By: _/s/Richard D. Heideman_____

                              */s/ Tracy Reichman Kalik*
                              Richard D. Heideman (No. 377462)
                              Noel J. Nudelman (No. 449969)
                              Tracy Reichman Kalik (No. 462055)

                              Steven R. Perles (No. 326975)
                              Edward MacAllister   (No. 494558)
                              THE PERLES LAW FIRM, PC
                              1146 19th Street, NW, 5th Floor
                              Washington, DC 20036
                              Telephone: 202-955-9055
                              Telefax:     202-955-3806

                              *Counsel for Plaintiffs*


**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 12th day of February, 2008, I caused the above Plaintiffs' Praecipe Regarding Status of Further Proceedings before this Court to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

                                          *Tracy Reichman Kalik, Esq.*