UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of John Buonocore III, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-00727 (GK) |
| ) | |
| Great Socialist People's Libyan ) | |
| Arab Jamahiriya, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
COURT'S JULY 9, 2007 ORDER**

COME NOW the Plaintiffs, by and through counsel, and hereby move for reconsideration of this Court's July 9, 2007 Order, pursuant to Fed. R. of Civ. P. 54(b) based on a significant change in the controlling law as a result of the enactment on January 28, 2008 of the National Defense Authorization Act for Fiscal Year 2008. Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008). Specifically, the new law provides that with regard to pending cases, such as this one, the defenses of res judicata, collateral estoppel and <u>limitation period are waived</u> and permits Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. § 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2). Section 1083 of that Act also amends the FSIA by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, and under which this cause of action was brought, and replaces it with 28 U.S.C. § 1605A. Accordingly, this Court can and should assert subject matter jurisdiction over the claims of the United States nationals against all

Defendants, and, pursuant to the newly enacted federal cause of action, 28 U.S.C. § 1605A(c), may award both compensatory and punitive damages against all Defendants.

In support of said Motion, the Plaintiffs attach the accompanying Memorandum with Points and Authorities. Counsel for Defendant has advised Plaintiffs' counsel that he does not consent to this Motion.

WHEREFORE, for the reasons set forth in the accompanying Memorandum, Plaintiffs' respectfully request that this Court reconsider its prior decision, and enter an Order which vacates the Court's July 9, 2007 Order that dismissed Plaintiffs' claims for failing to commence the action within the applicable statute of limitations, Congress having expressly stated that actions filed 10 years after April 24, 1996 may be maintained. 28 U.S.C. §1605A(b)(1).

February 22, 2008    Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: /s/Richard D. Heideman_____
 /s/ Tracy Reichman Kalik_____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:    202-955-3806

*Counsel for Plaintiffs*

2

    F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894


*Of Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2008, a copy of Plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order with accompanying Memorandum in Support was served via ECF:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

           *Tracy Reichman Kalik, Esq.*