**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
Estate of John Buonocore III, *et al.*,        )
                                                    )
                        Plaintiffs,           )
                                                    )
            v.                                  )    Civil Action No. 06-00727 (GK)
                                                    )
Great Socialist People's Libyan        )
Arab Jamahiriya, *et al.*,                  )
                                                    )
                        Defendants.     )
_____)

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S JULY 9, 2007 ORDER**

This action arises out of the terrorist attack committed upon the victim Plaintiffs at the Leonardo da Vinci Airport, a/k/a Fiumicino Airport in Rome, Italy at 9:00 a.m. on December 27, 1985. As Plaintiffs have already alleged in their pleadings before this Court at the time of the Rome Airport Attack, the Abu Nidal Organization ("ANO"), the terrorist organization that executed the attack, was materially sponsored and directly supported by the governments of Libya and Syria.

On the basis of a "controlling or significant change in the law", Plaintiffs hereby move the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider and vacate its Order of July 9, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims for failing to file within the applicable statute of limitations.

On January 28, 2008, Congress amended the Foreign Sovereign Immunities Act ("FSIA") and expanded the scope of the federal subject matter jurisdiction under the FSIA by passing the National Defense Authorization Act for Fiscal Year 2008. Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008). ("Defense Authorization Act").

Section 1083 of that Act amends the FSIA by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, and under which this cause of action was brought, and replacing it with 28 U.S.C. § 1605A. (Exhibit A). Plaintiffs advise the Court that contemporaneously with the filing of this motion, they are filing a motion for leave to file an Amended Complaint, with the tendered Amended Complaint attached thereto, based upon the change in controlling law. Specifically, the new law provides that with regard to pending cases, such as this one, the defenses of res judicata, collateral estoppel and <u>limitation period are waived</u> and permits Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. § 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2)(B) (emphasis added). The law also clarifies that actions may be maintained under the new law if the action (or a related action) was commenced under the old provisions of 28 U.S.C. §1605(a)(7) not later than the latter of: (1) 10 years after April 24, 1996;[1] or (2) 10 years after the date on which the cause of action arose. 28 U.S.C. § 1605A(b).

The Amended Complaint, contemporaneously filed with this Motion, contains the following further amendments that are explicitly allowed by the new law:

    a. all Plaintiffs are bringing claims pursuant to the federal cause of action created by 28 U.S.C. § 1605A(c); and

    b. damages, including punitive damages, are being sought against all Defendants under 28 U.S.C. § 1605A(c), including both the foreign states of Libya and Syria, and the instrumentalities and individuals named therein.

---

[1] The within action is clearly timely, as it was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

    c. adds additional named plaintiffs being the Estate of Natasha Simpson, Victor Simpson, Michael Simpson, Daniella Simpson, and also Saied Sweis, Sayel Sweis and Juliet Sweis.

The allegations of the Amended Complaint submitted with the motion meet each and every requirement of the new controlling statutory section, 28 U.S.C. § 1605A.

The Defense Authorization Act is explicitly retroactive:

(c) Application to Pending Cases-
(1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(Exhibit 1 at p. 5-6).[2] Accordingly, as this case remains pending before this Court, as there has not been a final judgment that pertains to all Defendants, pursuant to § 1083(c)(2)(A) of the Defense Authorization Act, the Plaintiffs may make a motion to this Court to request that this action be given the effect as if the action had been originally filed under 28 U.S.C. § 1605A(c), such that the grounds on which the Court dismissed the Plaintiffs' claims against Libya no longer arguable by the Defendants as a result of the enactment of the new controlling law..

## PROCEDURAL BACKGROUND

This action was commenced on April 21, 2006 by the Plaintiffs. The Court entered default against the Syrian Defendants on October 4, 2006. Pursuant to a Motion to Dismiss filed by the Libyan Defendants, the Court rendered its Memorandum Opinion and Order dismissing the Libyan Defendants, which was appealed by the Plaintiffs as Appellants. The Libyan Defendants/Appellees then filed a Motion to Dismiss the appeal

---

[2] In Exhibit 1, Plaintiffs provide the Court with a copy from www.thomas.loc.gov of the pertinent section of the Engrossed Bill that was presented to the President for signature on January 24, 2008 and signed on January 28, 2008. Pub. L. No. 110-181, § 1083 (2008).

3

on the grounds that the District Court had not entered a final judgment as to all Defendants in the within action.

On January 4, 2008, the U.S. Court of Appeals for the District of Columbia Circuit granted Defendants' Motion to Dismiss the appeal finding that the Court had not fully disposed of Plaintiffs' claims against the Syrian Defendants because only defaults, and not default judgments, had been entered against the Syrian Defendants.

On January 11, 2008, the mandate was issued by the Clerk of the U.S. Court of Appeals, returning this matter back to United States District Court for the District of Columbia for further proceedings.

On January, 28, 2008, the President of the United States signed into law the National Defense Authorization Act of 2008, Pub. L. No. 110-181.  Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaces it with 28 U.S.C. § 1605A.   Plaintiffs filed a Praecipe with the Court on February 12, 2008 setting forth the foregoing and advising the Court of their intent to file the instant matter

Contemporaneously with this Motion, pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(2)(A), Plaintiffs are also filing a Motion for Leave to file an Amended Complaint, such that the Court may then deem this action to "be given effect as if the action had originally been filed under section 1605A(c) . . ."  Plaintiffs file this Motion For Reconsideration to move the Court to reconsider its Order of July 9, 2007, dismissing Plaintiffs' complaint for failing to commence the action within the applicable statute of limitations on the basis of a controlling or significant change in the law.

4

## ARGUMENT

### THE CHANGE IN CONTROLLING LAW ALLOWS THE COURT TO EXERCISE ITS DISCRETION PURSUANT TO FED. R. CIV. P. 54(b)

The Court has wide discretion to revise its Order of July 9, 2007 to account for the important change in the controlling statute that allows punitive damages under the new federal cause of action for Plaintiffs in this case. "A district court may revise its own interlocutory decisions 'at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (*quoting* Fed. R. Civ. P. 54(b)). As the Court has not yet entered a judgment finally adjudicating the claims and rights and liabilities of all the parties, and as a new controlling law has been enacted, the proper basis exists for a motion for reconsideration to be granted by the Court which has discretion to revise its prior interlocutory orders.

The July 9, 2007 Order is an interlocutory order and is subject to revision upon a finding of the appropriate circumstances, which is "as justice requires." *Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'"(*quoting Childers v. Slater*, 197 F.R.D. 185, 189 (D.D.C. 2000))). Justice indeed requires in the instant action the Court to reconsider its July 9, 2007 Order because the law on which the Order was based has been changed by Congressional action and the signature of the President on January 28, 2008 on the Defense Authorization Act. The standard "as justice requires" is fulfilled when there has been an "error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington*

*Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (*citing Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In this case, the Court premised its July 9, 2007 decision dismissing Plaintiffs' Complaint upon Defendants' assertion that the Plaintiffs had failed to commence their action within the applicable statute of limitations, an argument that that Congress has rendered inapplicable by enacting new controlling law on January 28, 2008.

The new law provides that with regard to cases pending at the time of the passage of the new law, such as this one, the defenses of res judicata, collateral estoppel and <u>limitation period are waived</u> and permits Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. § 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2)(B) (emphasis added). The law also clarifies that actions may be maintained under the new law if the action (or a related action) was commenced under the old provisions of 28 U.S.C. §1605(a)(7) not later than the latter of: (1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose. 28 U.S.C. § 1605A(b). As noted above, the within action was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

Accordingly, it is most appropriate and in the interest and furtherance of justice for this Court to reconsider its July 9, 2007 Order and vacate that Order which dismissed Plaintiffs' claims on the basis of Defendants' assertion that Plaintiffs had failed to commence the action within the applicable statute of limitations. Furthermore, the allegations of the Amended Complaint filed with the Motion for Leave to File an Amended Complaint fulfill the requirements set forth by 28 U.S.C. § 1605A(a) to allow

6

the Court to assert subject matter jurisdiction over the claims of the Plaintiffs and pursuant to 28 U.S.C. § 1605A(c) to further apply the new federal cause of action to allow Plaintiffs to seek compensatory and punitive damages against the Defendants in the within action.

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request the Court reconsider its Order of July 9, 2007, an interlocutory decision, and vacate said Order which dismissed Plaintiffs' claims for failing to file within the applicable statute of limitations on the basis of a "controlling or significant change in the law," and further find that this Court can assert subject matter jurisdiction over the claims of the Plaintiffs and pursuant to 28 U.S.C. § 1605A(c) to further allow Plaintiffs to pursue their federal cause of action to seek compensatory and punitive damages against the Defendants in the within action. A proposed order is attached.

February 22, 2008                Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 2008
Telephone: 202.463.1818
Facsimile: 202.463.2999

By:  _/s/Richard D. Heideman_____
      _/s/ Tracy Reichman Kalik_____
       Richard D. Heideman (No. 377462)
       Noel J. Nudelman (No. 449969)
       Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036

7

Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

*Of Counsel for Plaintiffs*

8