UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Estate of John Buonocore III, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-00727 (GK) |
| Great Socialist People's Libyan Arab Jamahiriya, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT THEROF, FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO THE ENACTMENT OF AND IN COMPLIANCE WITH PUB. LAW. 110-181, SECTION 1083**

COME NOW the Plaintiffs, by and through Counsel, and hereby move this Honorable Court for leave to file an Amended Complaint pursuant to the enactment of, and in compliance with, the Defense Authorization Act for Fiscal Year 2008, Section 1083, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), and in support thereof advise the Court as follows:

1. This action was originally brought under 28 U.S.C. §1605(a)(7), on April 21, 2006 by the Plaintiffs.

2. The Court entered default against the Syrian Defendants on October 4, 2006.

3. Pursuant to a Motion to Dismiss filed by the Libyan Defendants, on July 9, 2007, the Court entered an Order dismissing the Libyan Defendants on statute of limitations grounds.

1

4. On January, 28, 2008, the President of the United States signed into law the National Defense Authorization Act of 2008, Pub. L. No. 110-181. Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaced it with 28 U.S.C. § 1605A.

5. Plaintiffs advise the Court that this new law provides wide-scale extensive legislative revisions to the FSIA provisions, which specifically govern actions against U.S. designated state sponsors of terrorism. A copy of the new law Pub. Law No. 110-181, Sec. 1083, Terrorism Exception to Immunity, which contains the new 28 U.S.C § 1605(A), is attached hereto as Exhibit A for the Court's reference.

6. This new law provides, in pertinent part, the following modifications:

   a. Creation of private right of action under federal law against any foreign state that is or was a state sponsor of terrorism as described in subsection 28 U.S.C. § 1605A(a)(2)(A)(i) and any official, employee or agent of that foreign state while acting within the scope of his or her office, employment for nationals of the United States (or their legal representatives) who were injured or killed by acts as described in subsection (a)(1).[1] 28 U.S.C. § 1605A(c). Said private cause of action allows claims to be brought if the

---

[1] Subsection (a)(1) states that "a foreign state shall not be immune from suits in which money damages are sought against the foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee or agent of such foreign state while acting within the scope of his or her office, employment or agency."

2

claimant or the victim, was at the time of the terrorist act, a national of the United States. The new federal cause of action may be maintained for money damages which may include economic damages, solatium, pain and suffering and punitive damages. In addition, the law provides that the foreign state shall be vicariously liable for the acts of its officials, employees and agents. 28 U.S.C. § 1605A(c).

b. Clarifies that not only may damages be awarded for the personal injury and death claims as described above, but also for the reasonably foreseeable property losses, whether insured or uninsured, which resulted by reason of the same acts under which the personal injury and death claims are based. 28 U.S.C. § 1605(A)(d).

c. Provides that the amendments made by this new law apply to pending cases   Pub. Law. No. 110-181, Sec. 1083(c).

d. Specifically the new law says that with regard to pending cases, such as this one, the defenses of res judicata, collateral estoppel and <u>limitation period are waived</u> and instructs Plaintiffs in those instances where such defenses have been raised, to re-file their claims under the section 28 U.S.C. 1605A(c). Pub. Law No. 110-181, Sec. 1083(c)(2)(B)(Emphasis added.)

    d. Clarifies that actions may be maintained under this new Section if the action (or a related action) was commenced under the old provisions of 28 U.S.C. §1605(a)(7) not later than the latter of –

        '(1) 10 years after April 24, 1996;[2] or

        '(2) 10 years after the date on which the cause of action arose.

28 U.S.C. §1605A(b);

    e. Provides a 60 day window, from January 28, 2008 (the date of enactment) until March 28, 2008 for additional related actions to be brought which arise out of the same act or incident, provided there is a related action that has been timely brought. Pub. Law. No. 110-181, Sec. 1083(c)(3).

    f. Clarifies that foreign states who are subject to private rights of action under 28 U.S.C. § 1605A are no longer entitled to "collateral order" doctrine appeals, but rather may only appeal interlocutory orders from the District Court if the appeals are properly taken and certified by the District Court as interlocutory appeals pursuant to 28 U.S.C. § 1292(b).

7. Plaintiffs, pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(2)(B)(ii), request this Court to grant Plaintiff's leave to file an Amended Complaint prior to March 28, 2008, and to deem it a re-filed action pursuant to Pub. Law. No. 110-181, Sec. 1083(c)(2)(B)(ii). Should the Court not grant Plaintiffs' leave, then Plaintiffs will re-file a new action under 28 U.S.C.

---

[2] As noted in paragraph 1 above, the within action was commenced on April 21, 2006, being within ten (10) years of April 24, 1996.

        1605A(c) against these same defendants, pursuant Pub. Law. No. 110-181, Sec. 1083(c)(2)(B)(ii). Specifically Pub. Law. No. 110-181, Sec. 1083(c)(2)(B)(ii) provides in pending cases that:

B. DEFENSES WAIVED- the defenses of res judicata, collateral estoppel, and <u>limitation period</u> are waived—

    (ii)    in action that was originally brought before the date of the enactment of this Act, under section 1605 (a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-108) and is re-filed under section 1605A(c) of title 28, United States Code,

to the extent that such defenses are based on the claim in the action. (Emphasis added.)

8.    As this case was originally brought before the enactment of Pub.Law. No. 110-181, Sec. 1083, and the Libyan Defendants have argued the defense of limitation period as it applies to the Plaintiffs' claims in the action, and as the Congress has now unequivocally said that with regard to pending cases, that defense of limitations period is <u>waived</u>, Plaintiffs' are entitled to re-file their claims under 28 U.S.C.1605A(c). Plaintiffs' submit that judicial economy will best be served if this re-filing is accomplished by the filing of an Amended Complaint, however, to remain in compliance

with the new law, Plaintiffs' are prepared to initiate a new civil action, should this Court so direct.

9. The Plaintiffs accordingly advise the Court that their Amended Complaint will, *inter alia*, contain the following amendments that are explicitly allowed by the new law:

   a. clarify that all Plaintiffs are bringing claims pursuant to the federal cause of action created by § 1605A(c); and

   b. clarify that damages, including punitive damages, are being sought against all Defendants, including both the foreign states of Libya and Syria, and the instrumentalities and individuals named.

   c. add as party plaintiffs additional U.S. national plaintiffs whose deaths and injuries arise out of the Rome Airport Attack; specifically the claims of the Estate of Natasha Simpson, Victor Simpson, Michael Simpson and Daniella Simpson ("Simpson Plaintiffs") and the claims of Sayel Sweis, Saied Sweis and Juliet Sweis[3] ("Additional Sweis Plaintiffs"). Pub. Law No. 110-181, Sec. 1083(c)(3)[4]

---

[3] Since the filing on February 12, 2008 of Plaintiffs' Status Report to the Court, counsel for Plaintiffs has been retained by three additional clients for their related claims against these same Defendants. Fayed Sweis, Saied Sweis and Juliet Sweis are the siblings of Jeanette Sweis, already a Plaintiff in the Complaint that has been filed and is of record in this matter. All three are U.S. nationals and were present at the Rome Airport Attack. Saied Sweis suffered shrapnel wounds in the attack.

[4] Pub. Law No. 110-181, Sec. 1083(c)(3) provides a related action that arises out of the same act or incident may be brought pursuant to suction 28 U.S.C. §1605A(c) if that related action is commenced within "(B) the date of enactment of this Act", as long is the action which it is related to was timely commenced under 1605(a)(7). Here, because this action was timely commenced, as demonstrated above, new related actions, such as an action on behalf of the Simpson Plaintiffs and the Additional Sweis Plaintiffs may be filed as related matters. Again, the Plaintiffs' submit that in the interests of judicial economy, rather than initiating a new civil action, this related matter should be permitted by the Court to be filed by the inclusion of the Simpson Plaintiffs and Additional Sweis Plaintiffs in the Amended Complaint in this matter.

10. A copy of the proposed Second Amended Complaint is attached hereto as Exhibit B.

11. Defendants have advised the Plaintiffs that they will oppose this Court granting leave to Plaintiffs to file an Amended Complaint.

12. Plaintiffs should be allowed to amend their Complaint to reflect the change in the controlling law. A party may amend its pleadings with the consent of opposing counsel or "when justice so requires." Fed. R. Civ. P. 15(a).

13. This standard is fulfilled when the amendment is based upon a change in law. *See e.g., Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the above-mentioned factors, which support a denial of a request to amend through Fed. R. Civ. P. 15(a), exist in this case. Accordingly, the interests of justice and applicable law mandate that Plaintiffs should be allowed to amend their complaint so that they may re-file their claims under 28 U.S.C. 1605A(c), to reflect the changes in controlling law.

14. Plaintiffs respectfully request of the Court an expedited ruling on these matters based upon the new law's 60 day statutory filing requirement under Pub. Law. No. 110-181, Sec. 1083(c)(3). The new law requires a new action to be brought under Pub. Law. No. 110-181, Sec. 1083(c)(3) within 60 days of the date of enactment of the new law, which would be March 28, 2008. Should the Court not grant leave to file the Amended Complaint, as Plaintiffs propose, then in order to fully protect Plaintiffs' rights to proceed under the new statute, 28 U.S.C § 1605A, and pursuant Pub. Law No. 110-181, Sec. 1083(c)(3), Plaintiffs will file a new related action within the sixty (60) day deadline, or by March 28, 2008, of enactment of the Defense Authorization Act for Fiscal Year 2008, Section 1083(c), Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), alleging their 1605A(c) claims against these same defendants.

15. Accordingly, the Plaintiffs request that this Court enter an Order which:

   a. grants the Plaintiffs motion that that pursuant Pub. Law No. 110-181, Sec. 1083(c)(2)(B), Plaintiffs are granted leave to file the Amended Complaint to reflect that this matter has been (i) refiled under 28 U.S.C.§ 1605A(c), and to assert causes of action under this new statute; and (ii) grants the Plaintiffs' leave to file the Amended Complaint that adds the Simpson Plaintiffs and the

        Additional Swies Plaintiffs, in accordance with Pub. Law No. 110-181, Sec. 1083(c)(3)

    b.   directs, that upon the filing of the Court's Order, the Clerk of Court shall receive and file said Amended Complaint, to which the Defendants shall answer or otherwise plead in accordance with the Federal Rules of Civil Procedure;

A proposed Order is attached.

February 22, 2008                     Respectfully Submitted,

                                    HEIDEMAN NUDELMAN & KALIK, PC
                                    1146 19th Street NW, Fifth Floor
                                    Washington, DC 2008
                                    Telephone: 202.463.1818
                                    Facsimile: 202.463.2999

                                    By: _/s/Richard D. Heideman_____

                                      _/s/ Tracy Reichman Kalik_____
                                      Richard D. Heideman (No. 377462)
                                      Noel J. Nudelman (No. 449969)
                                      Tracy Reichman Kalik (No. 462055)

                                    Steven R. Perles (No. 326975)
                                    Edward MacAllister  (No. 494558)
                                    THE PERLES LAW FIRM, PC
                                    1146 19th Street, NW, 5th Floor
                                    Washington, DC 20036
                                    Telephone: 202-955-9055
                                    Telefax:    202-955-3806

                                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of February, 2008, I caused the above Plaintiffs' Motion for Leave to File an Amended Complaint and Memorandum in Support Thereof to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

               ___*Tracy Reichman Kalik, Esq.*___