**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF JOHN BUONOCORE III, et al. )<br>)<br>Plaintiffs,           )<br>)<br>  v.                    )<br>)<br>GREAT SOCIALIST PEOPLE'S LIBYAN )<br>ARAB JAMAHIRIYA, et al.        )<br>)<br>Defendants.           ) | Case No. 1:06-cv-00727-GK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'ammar al-Qadhafi, Abdallah al-Sanusi, and Ibraham al-Bishari (the "Libya Defendants"), by undersigned counsel, respectfully file this Opposition to the Plaintiffs' Motion for Leave to File an Amended Complaint (the "Motion to Amend"). The Motion to Amend should be denied because under the National Defense Authorization Act of 2008, Pub. Law No. 110-181, § 1083(c)(2)(A)(ii)-(iii), Plaintiffs may not bring their original complaint filed under 28 U.S.C. § 1605(a)(7) under new section 28 U.S.C. § 1605A. Plaintiffs may not rely on Section 1083(c)(2)(B) to amend their complaint, as that section does not provide for amendment. Furthermore, plaintiffs may not amend their complaint to add parties under Section 1083(c)(3), as that section also does not provide a basis for amending a complaint to add parties. Even if Section 1083(c)(3) allowed amendments to complaints, it only allows such amendment if the original related action had been timely commenced pursuant to 28 U.S.C. §

1605(a)(7). Because the original complaint was dismissed as untimely, plaintiffs may not amend their complaint.

The Libya Defendants preserve, and expressly do not waive, any and all immunities, privileges, rights and defenses (including, but not limited to, Constitutional defenses), which may be available to the Libya Defendants in the event plaintiffs' Motion to Amend is granted.

## ARGUMENT

The Foreign Sovereign Immunities Act of 1976 ("FSIA") (28 U.S.C. §§ 1330, 1602-1611 (2006)) was amended on January 28, 2008 by Section 1083 of the National Defense Authorization Act for Fiscal Year 2008 (the "Defense Act") (H.R. 4986). One portion of that amendment, Section 1083(a), purports to create a new statutory section of the FSIA, 28 U.S.C. § 1605A.

In Section 1083(c), Congress set forth an exclusive system for determining whether and how 28 U.S.C. § 1605A applies to prior actions already filed under 28 U.S.C. § 1605(a)(7). Under Section 1083(c)(2), certain actions already filed under § 1605(a)(7) may be refiled, but only if the claimants satisfy each of the enumerated criteria set forth in Section 1083(c)(2)(A)(i)-(iv). Plaintiffs here do not satisfy the criteria set forth in Section 1083(c)(2)(A)(ii)-(iii) because they did not rely upon 28 U.S.C. § 1605(a)(7) as providing a cause of action, and thus were not adversely affected by the fact that 28 U.S.C. § 1605(a)(7) did not provide a cause of action. Furthermore, because Section 1083(c)(2)(A) is the exclusive means for bringing "prior actions" within 28 U.S.C. § 1605A, plaintiffs may not rely on either Section 1083(c)(2)(B) or Section 1083(c)(3) to bring their complaint within the scope of 28 U.S.C. § 1605A, or to add new parties. Therefore, the Court should deny plaintiffs' Motion to Amend outright.

**I.      Section § 1083(c)(2)(A) Does Not Apply To Plaintiffs' Claims**

Section 1083(c)(2)(A) provides the basis for amending existing complaints under the new law. The language of Section 1083(c)(2)(A) and the plain meaning of the statute make clear that the provisions of that section do not apply in the present case. *See Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1087-88 (9th Cir. 2007) ("In interpreting the FSIA, we first look to the plain meaning of the language employed by Congress.") (internal quotations and citations omitted); *see also Williams v. Taylor*, 529 U.S. 420, 431 (2000) (stating that words in a statute should have their "ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import") (internal quotation and citation omitted).

Section 1083(c) is entitled "Application to Pending Cases" and states in relevant part:

(c) Application to Pending Cases-

(1) IN GENERAL- The amendments made by this section shall apply to any claim arising under section 1605A of title 28, United States Code.

(2) PRIOR ACTIONS-

(A) IN GENERAL- With respect to any action that—

(i) was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), before the date of the enactment of this Act,

(ii) relied upon either such provision as creating a cause of action,

(iii) has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

(iv) as of such date of enactment, is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure, that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code.

Pub. Law No. 110-181, § 1083(c)(1-2).  Section 1083(c)(2)(A), by its express terms, does not apply to plaintiffs' claims.

Plaintiffs' Complaint did not rely upon 28 U.S.C. § 1605(a)(7) (or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997) as creating a cause of action as required by Section 1083(c)(2)(A)(ii). Indeed, Plaintiffs made clear in their Opposition to Defendants' Motion to Dismiss that their original Complaint did not rely upon 28 U.S.C. § 1605(a)(7) as creating a cause of action:

> The Plaintiffs asserted causes of action arising under state common law, state statutory law and the Flatow Amendment. Compl. ¶¶ 95-135. The Plaintiffs have not asserted a cause of action "under the FSIA" or the TVPA, nor do the Plaintiffs purport to do so now.
>
> *   *   *
>
> Plaintiffs' causes of action are neither based on the FSIA itself nor the TVPA.

Pls.' Opp. pp. 16, 17 (Dck. No. 22, herein).

Therefore, Plaintiffs' Complaint does not meet the requisite criteria set forth in Section 1083(c)(2)(A)(ii).  The language of Section 1083(c)(2)(A)(ii) is clear and unambiguous, and this Court should conclusively determine that its provisions are inapplicable to the facts of this case. *See Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 837 (1990) ("The starting point for the interpretation of a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.") (citation omitted).

Because plaintiffs did not rely upon 28 U.S.C. § 1605(a)(7) as creating a cause of action, their Complaint was not adversely impacted by the fact that 28 U.S.C. § 1605(a)(7) did not create a cause of action. *See* § 1083(c)(2)(A)(iii).  The Court's July 9, 2007 Order dismissed Plaintiffs' Complaint against the Libya Defendants on the ground that their claims were time

4

barred, not because 28 U.S.C.§ 1605(a)(7) did not create a cause of action. Accordingly, Section 1083(c)(2)(A)(iii) is inapplicable.

## II.     Section § 1083(c)(2)(B) Does Not Apply To Plaintiffs' Claims

Plaintiffs attempt to avoid the requirements of Section 1083(c)(2)(A) by requesting leave to amend their complaint under Section 1083(c)(2)(B). *See* Pls.' Mot. to Amend at 4. Sections 1083(c)(2)(B) and (C) provide as follows:

> (B) DEFENSES WAIVED- The defenses of res judicata, collateral estoppel, and limitation period are waived--
>
> (i) in any action with respect to which a motion is made under subparagraph (A), or
>
> (ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), and is refiled under section 1605A(c) of title 28, United States Code, to the extent such defenses are based on the claim in the action.
>
> (C) TIME LIMITATIONS- A motion may be made or an action may be refiled under subparagraph (A) only--
>
> (i) if the original action was commenced not later than the latter of--
>
> (I) 10 years after April 24, 1996; or
>
> (II) 10 years after the cause of action arose; and
>
> (ii) within the 60-day period beginning on the date of the enactment of this Act.

Nothing in the language of Section 1083(c)(2)(B) provides for amendments to prior complaints. Instead, Section 1083(c)(2)(B) simply provides for certain legal consequences that occur when a "motion [is] made or an action [is] refiled under subparagraph (A)." *See* Section 1083(c)(2)(C). Because plaintiffs' Complaint and its subsequent dismissal in this matter is not subject to Section 1083(c)(2)(A), Sections 1083(c)(2)(B) and (C) do not support plaintiffs' Motion to Amend.

5

As noted above, Section 1083(c) governs the application of new 28 U.S.C. § 1605A to "pending cases." The only part of Section 1083(c) that provides for prior actions to be given effect under 28 U.S.C. § 1605A is Section 1083(c)(2)(A), which does not apply to plaintiffs claims. If Congress wanted to allow claimants to bring their prior actions within new 28 U.S.C. § 1605A pursuant to Section 1083(c)(2)(B), Congress would have used the same permissive language used immediately above in Section 1083(c)(2)(A). *See Schumann v. C.I.R.*, 857 F.2d 808, 811 (D.C. Cir. 1988) (stating that "under the maxim *expression unius exclusion alterius*, Congress' specific enumeration of certain exceptions indicates that no other exceptions were intended") (citation omitted). Because Section 1083(c)(2)(B) does not permit amendments in prior actions, plaintiffs' reliance on that provision for purposes of their proposed amendment is misplaced.

Furthermore, if Section 1083(c)(2)(B) could be used to amend complaints, it would render Section 1083(c)(2)(A) a nullity, as any plaintiff asserting claims under 28 U.S.C. § 1605(a)(7) could amend their complaint under Section 1083(c)(2)(B) to bring their claims under 28 U.S.C. § 1605A(c) regardless of whether such plaintiff satisfied the express statutory criteria of Section 1083(c)(2)(A). Section 1083(c)(2)(B) cannot be interpreted to effectively eliminate the express statutory requirements of Section 1083(c)(2)(A). *See Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 562 (1990) ("Our cases express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment.") (citation omitted); *United States ex rel. Totten v. Bombadier Corp.*, 380 F.3d 488 (D.C. Cir. 2004) (Roberts, J.) (interpreting one part of a statute to not allow presentment when another part allowed presentment, but only under limited circumstances: "The dissent's reading of (a)(2) would make the presentment requirement in (a)(1), which the dissent does not challenge

head-on, largely meaningless."); *Nat'l Ass'n of Manufacturers v. Dept. of Interior*, 134 F.3d 1095, 1107 (D.C. Cir. 1998) ("[A]n interpretation, which essentially deprives one provision of its meaning and effect so that another provision can be read as broadly as its language will permit, is inconsistent with the Congress's intent.") (citations omitted).

### III. Section § 1083(c)(3) Does Not Apply To Plaintiffs' Claims

Plaintiffs also seek leave to amend their complaint to add new parties by invoking Section 1083(c)(3) on "Related Actions." *See* Pls.' Mot. to Amend at 6. The "Related Actions" provision of Section 1083 provides as follows:

> (3) RELATED ACTIONS- If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after—
>
> (A) the date of the entry judgment in the original action; or
>
> (B) the date of the enactment of this Act.

Pub. Law No. 110-181, § 1083(c)(3).

Like Section 1083(c)(2)(B), nothing in the language of Section 1083(c)(3) provides for amendments, let alone amendments to include claims of new plaintiffs.

Furthermore, plaintiffs ignore the requirement in Section 1083(c)(3) that their original Complaint must have been "timely commenced ***under section 1605(a)(7)*** of title 28, United States Code." The express language of Section 1083(c)(3) refers to the statute of limitations of 28 U.S.C. § 1605(a)(7), which this Court, in its July 9, 2007 Order, has already determined to have expired before this lawsuit was commenced.

7

## **CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion for Leave to File an Amended Complaint should be denied.

                                    Respectfully, Submitted,

                                    **ECKERT SEAMANS CHERIN**
                                       **& MELLOTT, LLC**

By:    *Thomas J. Whalen*
         Thomas J. Whalen, Esq. (Bar No. 208512)
         Mark A. Johnston, Esq. (Bar No. 455764)
         1747 Pennsylvania Ave., N.W.,
         Twelfth Floor
         Washington, D.C. 20006
         (202) 659-6600
         twhalen@eckertseamans.com
         mjohnston@eckertseamans.com

         Wendy West Feinstein, Esq. (Pa ID No. 86698)
         *Admitted Pro Hac Vice*
         600 Grant Street
         44th Floor
         Pittsburgh, PA 15219
         (412) 566-6000
         wfeinstein@eckertseamans.com

         Counsel for Defendants, Great Socialist People's
          Libyan Arab Jamahiriya, Libyan Internal
          Security, Libyan External Security, Mu'Ammar
          Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
          Al-Bishari

Dated: March 24, 2008

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing **Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint** was electronically filed and served, this 24th day of March, 2008, to:

          Richard D. Heideman
          Noel J. Nudelman
          Tracy Reichman Kalik
          Heideman Nudelman & Kalik, P.C.
          1146 19th Street, NW
          5th Floor
          Washington, DC 20036

          Steven R. Perles
          PERLES LAW FIRM, P.C.
          1146 19th Street, NW
          5th Floor
          Washington, DC 20036

                          *Thomas J. Whalen*
                          Thomas J. Whalen