**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF JOHN BUONOCORE III, et al. ) ) ) Plaintiffs, ) ) v. ) ) GREAT SOCIALIST PEOPLE'S LIBYAN ) ARAB JAMAHIRIYA, et al. ) ) Defendants. ) | Case No. 1:06-cv-00727-GK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION FOR RECONSIDERATION OF COURT'S JULY 9, 2007 ORDER**

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libyan defendants"), by undersigned counsel, and pursuant to Local Civil Rule 7, hereby submit the following in opposition to Plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order and state as follows:

**ARGUMENT**

Plaintiffs base their Motion for Reconsideration solely on the January 28, 2008 Amendments to the Foreign Sovereign Immunities Act of 1976, in an attempt to take advantage of Section 1083(c)(2)(B) of the National Defense Authorization Act for Fiscal Year 2008 (the "Defense Act") (H.R. 4986). Pls.' Mot. for Reconsideration at 6. As established in the Libya Defendants' opposition to plaintiffs' Motion to Amend, plaintiffs cannot bring their original complaint within the ambit of this new law because they do not qualify to do so under Section 1083(c)(2)(A).

Sections 1083(c)(2)(B) and (C) provide as follows:

(B) DEFENSES WAIVED- The defenses of res judicata, collateral estoppel, and limitation period are waived--

(i) in any action with respect to which a motion *is made under subparagraph (A)*, or

(ii) in any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), *and is refiled under section 1605A(c)* of title 28, United States Code, to the extent such defenses are based on the claim in the action.

(C) TIME LIMITATIONS- A motion may be made or an action may be *refiled under subparagraph (A)* only--

(i) if the original action was commenced not later than the latter of--

(I) 10 years after April 24, 1996; or

(II) 10 years after the cause of action arose; and

(ii) within the 60-day period beginning on the date of the enactment of this Act.

Sections 1083(c)(2)(B) and (C) (emphases added).

Section 1083(c)(2)(B) only purports to waive defenses if plaintiffs qualify to bring their claims under 28 U.S.C. § 1605A, as determined by "subparagraph (A)," i.e., Section 1083(c)(2)(A). Section 1083(c)(2)(A) provides the basis for refiling existing claims to bring them under 28 U.S.C. § 1605A(c). Section 1083(c)(2)(B) provides for certain legal consequences that occur when a "motion [is] made or an action [is] refiled under subparagraph (A)." *See* Section 1083(c)(2)(C).

Plaintiffs moved to amend their original Complaint under Section 1083(c)(2)(B) and Section 1083(c)(3). Plaintiffs did not move to amend under Section 1083(c)(2)(A) because, as established in the Libya Defendants' Opposition to the Motion to Amend, plaintiffs do not meet the requisite statutory criteria. Section 1083(c)(2)(B) does not provide a basis for bringing prior

2

complaints under 28 U.S.C. § 1605A(c). Furthermore, because plaintiffs' Complaint and its subsequent dismissal in this matter is not subject to Section 1083(c)(2)(A), Sections 1083(c)(2)(B) and (C) do not support plaintiffs' Motion to Amend.

Plaintiffs also sought to amend their Complaint to add new parties pursuant to Section 1083(c)(3), but that section similarly does not apply to plaintiffs' claims. In particular, nothing in the language of Section 1083(c)(3) provides for amendments, and plaintiffs' original Complaint was not timely filed under 28 U.S.C. § 1605(a)(7).

As a result, plaintiffs may not amend their complaint to bring it under 28 U.S.C. § 1605A(c). As plaintiffs' Complaint cannot be given effect as if it were brought under 28 U.S.C. § 1605A(c) (*see* Section 1083(c)(2)(B)(i)), and plaintiffs have not refiled their action under 28 U.S.C. § 1605A(c) (*see* Section 1083(c)(2)(B)(ii)), the waiver provisions of Section 1083(c)(2)(B) do not apply. Therefore, plaintiffs' attempt to rely on Section 1083(c)(2)(B) for purposes of their Motion to Reconsider fails.

The Libya Defendants hereby incorporate by reference all of the arguments contained in their Opposition to Plaintiffs' Motion to Amend. The Libya Defendants further preserve, and expressly do not waive, any and all immunities, privileges, rights and defenses (including, but not limited to, Constitutional defenses), which may be available to the Libya Defendants in the event plaintiffs' Motion for Reconsideration is granted.

**CONCLUSION**

For the foregoing reasons, defendants request that plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order be denied.

Respectfully, Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:     *Thomas J. Whalen*
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

Dated:  March 24, 2008

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing **Opposition to Plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order** was electronically filed and served, this 24th day of March, 2008, to:

> Richard D. Heideman
> Noel J. Nudelman
> Tracy Reichman Kalik
> Heideman Nudelman & Kalik, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036
>
> Steven R. Perles
> PERLES LAW FIRM, P.C.
> 1146 19th Street, NW
> 5th Floor
> Washington, DC 20036

                                      *Thomas J. Whalen*
                                      Thomas J. Whalen