UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
Estate of John Buonocore III, *et al.*, )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )   Civil Action No. 06-00727 (GK)
                                    )
Great Socialist People's Libyan     )
Arab Jamahiriya, *et al.*,          )
                                    )
            Defendants.             )
_____)

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendants argue in their Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint that the Defense Authorization Act for Fiscal Year 2008 ("Defense Authorization Act") does not provide the statutory authorization to allow Plaintiffs to amend their Complaint. The Defense Authorization Act under 28 U.S.C. § 1605A(b), § 1083(c)(2)(A), (c)(2)(B) and (c)(3) all specifically and separately authorize Plaintiffs to file an amended complaint utilizing 28 U.S.C. § 1605A in this action.[1]

§ 1083(c) of the Defense Authorization Act provides instructions detailing how the new law must be applied to pending cases in a limited set of circumstances, including its application to cases that have been dismissed in circumstances described in (c)(2)(A) and its application to cases that have been dismissed in circumstances described in (c)(2)(B).

---

[1] Despite the applicability of § 1083(c) to Plaintiffs' current Complaint, they intend to file a new action on March 27, 2008 both to fully assure the vindication of their rights under the Defense Authorization Act and to file on behalf of new plaintiffs whose claims are also now viable under the new law.

**I.    § 1083(c)(2)(A) CREATES A SEPARATE JUSTIFICATION TO ALLOW PLAINTIFFS TO FILE A MOTION TO AMEND THEIR CLAIMS**

Libyan Defendants argue that § 1083(c)(2)(A) does not apply to Plaintiffs' claims because Plaintiffs did not rely upon 28 U.S.C. § 1605(a)(7) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) to create a cause of action. (Opp. Mot Leave Amend at 3-5). In their original Complaint, while Plaintiffs did not rely upon 28 U.S.C. § 1605(a)(7) to provide a cause of action, they did rely on it to "create", a cause of action, meaning to give them the ability to bring their claims in federal court..

A "cause of action" has been defined as "a situation or state of facts that entitles a party to maintain an action in a judicial tribunal." Black's Law Dictionary 214 (Bryan A. Garner ed., 7th ed., West 1999). Here, the relevant "situation" or "state of facts" that entitled Plaintiffs to "maintain an action" against the sovereign state of Libya before this Court included the facts in Plaintiffs Complaint which demonstrated that that Libya was in fact a state sponsor of terrorism, and with regard to the Rome Airport Attack, provided the material support, aid, direction and resources such that the American Nationals, the Plaintiffs' in this action, were killed and/or injured. In addition, 28 U.S.C. § 1605(f), which formerly prescribed the statute of limitations period for 28 U.S.C. § 1605(a)(7), related back to, modified and informed any reading of 28 U.S.C. § 1605(a)(7). 28 U.S.C. § 1605(f), being part of 28 U.S.C. § 1605(a)(7), Plaintiffs therefore necessarily relied upon 28 U.S.C. § 1605(f), which was subsequently deleted and replaced in the Defense Authorization Act by 28 U.S.C. § 1605A(b).

Plaintiffs also relied upon section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997, otherwise known as the Flatow Amendment[2] to create a cause of action in their original Complaint. (Complaint at Count VIII). Therefore, pursuant to the Defense Authorization Act, Sec. 1083(c)(2)(A), Plaintiffs' reliance on the Flatow Amendment provides them with the right to file an amended complaint.

The Defense Authorization Act , Sec. 1083(c)(2)(A) provides, in pertinent part, that with regard to its application to pending cases, for any prior action, such as the one that is currently before the Court, that:

- if that action was originally brought pursuant to old section 28 U.S.C. § 1605(a)(7) or section 101(c) of Division A of Public Law 104-208, known as the "Flatow Amendment", 28 U.S.C. § 1605 note, before the enactment of the Act;  (emphasis added)

- relied on either of those provisions to create a cause of action;

- was adversely affected on the grounds that either § 1605(a)(7) or the Flatow Amendment failed to create a cause action; and

- is before the courts in any form, including appeal;

- then on a motion made by the plaintiffs, in the district court where the action was initially brought, the action should be given effect as if the action had been originally filed under the revised provision, § 1605A(c).

---

[2] Section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), or the Flatow Amendment, is codified at 28 U.S.C. § 1605 note.

3

Here, the action was originally brought by the Plaintiffs pursuant to § 1605(a)(7) and the Plaintiffs relied upon, *inter alia*, § 1605(a)(7) and the Flatow Amendment to create a cause of action in their original Complaint. In Plaintiffs' originally filed Complaint, currently pending before the Court, they asserted a federal cause of action and entitlement to punitive damages, which entitles Plaintiffs to relief under § 1083(c)(2)(A). (Complaint at Count VIII). These Plaintiffs' claims have been adversely affected by (a) this Court ruling the Plaintiffs did not commence their action within the applicable limitations period, and (b) the inevitable application of a ruling by the DC Circuit that the Flatow Amendment, as it existed prior to the enactment of the new law, does not provide a federal cause of action against a foreign sovereign, *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004), and that Plaintiffs could not then maintain a claim for punitive damages against the Defendants unless the new law passed.[3]

Accordingly, as this case remains pending before this Court, then pursuant to § 1083(c)(2)(A) of the Defense Authorization Act, the Plaintiffs may make a motion to this Court to request that this Court apply as controlling law the newly enacted legislation which expressly contemplates its application to pending actions, and that the within action be considered and decided as if it were originally filed under the revised and substituted law, 28 U.S.C. § 1605A(c). Plaintiffs, have timely made such a motion, and

---

[3] On February 27, 2008, in the matter of *Gates v. Syrian Arab Republic,* 06-cv-1500 (D.D.C.), Judge Rosemary Collyer held that the plaintiffs in that matter who presented a similar motion to the court could proceed under 28 U.S.C. § 1605A. See *Gates* Order attached as Exhibit 1. Furthermore, two decisions recently issued that allowed those plaintiffs who were formerly proceeding under 28 U.S.C. § 1605(a)(7) to proceed under an amended complaint based upon 28 U.S.C. § 1605A. *Clay v. Great Socialist People's Libyan Arab Jamahiriya*, CA 06-707, docket no. 32 (RWR) (March 3, 2008); *Harris v. Great Socialist People's Libyan Arab Jamahiriya*, CA 06-732, docket no. 32 (RWR) (March 3, 2008). Those decisions were based upon those plaintiffs' right to amend once as a matter of right under Fed. R. Civ. P. 15(a)(1) as a responsive pleading had not yet been filed.

this Court should grant Plaintiffs' Motion for Leave to File an Amended Complaint in compliance with the Defense Authorization Act and enter an Order instructing the Clerk of Court to file the tendered Amended Complaint as attached to the Motion for Leave to File their Amended Complaint.

**II.     § 1083(c)(2)(B) CREATES A SEPARATE JUSTIFICATION TO ALLOW PLAINTIFFS TO FILE A MOTION TO AMEND THEIR CLAIMS**

Libyan Defendants next argue that § 1083(c)(2)(B) does not provide a separate authorization from § 1083(c)(2)(A) to allow the amendment of Plaintiffs' claims. (Opp. Mot. Leave Amend at 5-7). Libyan Defendants principally argue that § 1083(c)(2)(B) provides a separate authorization to allow actions to be "refiled under section 1605 A(c) of title 28 United States Code. . . ." Congress's statutory construction of § 1083(c)(2)(B) is revealing. The subsection is subdivided into two parts: § 1083(c)(2)(B)(i) and that § 1083(c)(2)(B)(ii).

The operation of § 1083(c)(2)(B)(i) is explicitly restricted to "actions with respect to which a motion is made under subparagraph (A) . . . ." The operation of § 1083(c)(2)(B)(ii), however, is not similarly restricted and is open to "any action that was originally brought, before the date of the enactment of this Act, under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101 (c) of division A of Public Law 104-208), and is refiled under section 1605A(c) of title 28, United States Code . . . ."

Libyan Defendants argue that to allow a complaint to be amended under § 1083(c)(2)(B) would render § 1083(c)(2)(A) a nullity, which is untrue. (Opp. Mot Leave

5

Amend at 6). § 1083(c)(2)(A) creates a right to amend complaints in previously filed cases that relied upon 28 U.S.C. § 1605(a)(7) or the Flatow Amendment to create a cause of action while § 1083(c)(2)(B) waives certain defenses in previously filed cases.  To forbid Plaintiffs to amend their Complaint to take advantage of the defenses waived by § 1083(c)(2)(B) would make § 1083(c)(2)(B) a nullity.  It is axiomatic that Congress's specific language in the legislation and the clear decision of Congress to waive certain defenses in previously filed cases presumes the power to amend the complaints in those cases.  Accordingly, this Court should grant Plaintiffs' Motion for Leave to File an Amended Complaint.

### III.    FED. R. CIV. P. 15 CREATES A SEPARATE JUSTIFICATION TO ALLOW PLAINTIFFS TO FILE A MOTION TO AMEND THEIR CLAIMS

Fed. R. Civ. P. 15 provides further authorization to allow the amendment of Plaintiffs' claims based upon a change in the controlling law, which is fully applicable to the instant action.  *See e.g., Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).  Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case the controlling law, specifically regarding the statute of limitations, has been changed by enactment of new legislation directly affecting the pending action. 28 U.S.C. § 1605A(b) has replaced 28 U.S.C. § 1605(f) and is explicitly applicable to this case: "[a]n action may be brought or maintained under this section if the action is commenced, or a related action was commenced under 1605(a)(7) (before the date of the enactment of this section) . . . not later than the latter of –(1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose." Under §

1605A(b)(1) *Buonocore* may be "maintained under this section", or § 1605A, "if the action is commenced . . . 10 years after April 24, 1996." (Mot. Leave Amend at 4). *Bounocore* was in fact commenced with the filing of the Plaintiffs original Complaint in this Court on April 21, 2006, which is indeed within ten (10) years of April 24, 1996. Accordingly, *Bounocore* may be "maintained" under 28 U.S.C. § 1605A. Congress has made it clear that a filing is timely pursuant to the statute if it was in fact commenced "within ten (10) years of April 24, 1996, as is the case in the instant action. Plaintiffs have also filed today a Motion to Reconsider the Court's prior dismissal of Plaintiffs' Complaint, the arguments of which are incorporated herein by reference, and which Plaintiffs pray the Court will also grant pursuant to the adoption of new controlling law.

      Justice will be served, and the intent of the Congress will be upheld, by permitting the Plaintiffs to amend their claims. Accordingly, as both the interests of justice and applicable law mandate that Plaintiffs should be allowed to amend their Complaint so that they may re-file their claims under 28 U.S.C. § 1605A in accordance with and to reflect the directly applicable changes in controlling law.

      As it is clear that Plaintiffs may bring a new action under 28 U.S.C. § 1605A, judicial economy and this Court will be best served if the Court permits the Plaintiffs to proceed by Amended Complaint, notwithstanding that Plaintiffs will be filing such new action pursuant to 28 U.S.C. § 1605A in order to assure the full protection of their rights under the newly-enacted public law.

## CONCLUSION

For the reasons set forth above, and for those set forth in Plaintiffs' Motion for Leave to File an Amended Complaint, Plaintiffs respectfully request that this Court grant

Plaintiff's Motion and Order that Plaintiffs' proposed Amended Complaint be deemed filed**.**

March 27, 2008          Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: _/s/Richard D. Heideman_____

 _/s/ Tracy Reichman Kalik_____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

 _/s/Steven R. Perles_____
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

*Of Counsel for Plaintiffs*