UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
Estate of John Buonocore III, *et al.*,  )
                                    )
               Plaintiffs,    )
                                    )
    v.                              )   Civil Action No. 06-00727 (GK)
                                    )
Great Socialist People's Libyan     )
Arab Jamahiriya, *et al.*,          )
                                    )
              Defendants.    )
_____)

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR RECONSIDERATION OF COURT'S JULY 9, 2007 ORDER**

      On the basis of a "controlling or significant change in the law", on February 22, 2008 Plaintiffs moved the Court pursuant to Fed. R. Civ. P. 54(b) to reconsider and vacate its Order of July 9, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims against the Libyan Defendants only for failing to file their case within the applicable statute of limitations. Plaintiffs based their argument upon the National Defense Authorization Act for Fiscal Year 2008. Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-344 (2008), ("Defense Authorization Act"). Defendants oppose this Motion by arguing the single point that Plaintiffs do not qualify to file an amended complaint under § 1083(c)(2)(A). (Opp. Mot. Reconsideration at 1). This argument is not only incorrect but ignores the plain language of the newly enacted public law as set forth in 28 U.S.C. § 1605A(b), § 1083(c)(2)(B), § 1083(c)(3). Moreover, this Court has the discretion, which

it should exercise, to reconsider its interlocutory decision in light of the new controlling and directly applicable law.[1]

## I. 28 U.S.C. § 1605A(b) CREATES NEW CONTROLLING LAW THAT JUSTIFIES THE COURT'S RECONSIDERATION OF ITS JULY 9, 2007 ORDER

The July 9, 2007 Order is an interlocutory order and is subject to revision upon a finding of the appropriate circumstances, which is "as justice requires." *Campbell v. United States DOJ*, 231 F. Supp. 2d 1, 7 (D.D.C. 2002) ("Reconsideration of an interlocutory decision is available under the standard, 'as justice requires.'") (*quoting Childers v. Slater*, 197 F.R.D. 185, 189 (D.D.C. 2000)). Justice indeed requires in the instant action the Court to reconsider its July 9, 2007 Order because the arguments as to interpretation of the statute of limitations as applied to this case have been fully overcome by the enactment of the new law, and accordingly the law on which the Order was based has been specifically changed by Congressional action and the signature of the President on January 28, 2008 in the enactment of the Defense Authorization Act. The standard "as justice requires" is fulfilled when there has been an "error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (*citing Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In this case, the Court premised its July 9, 2007 finding dismissing Plaintiffs complaint for Plaintiffs failure to commence their action within the applicable

---

[1] Despite the applicability of § 1083(c) to Plaintiffs' current Complaint, they intend to file a new action on March 27, 2008 both to fully assure the vindication of their rights under the Defense Authorization Act and to file on behalf of new plaintiffs whose claims were not brought in the original Complaint but which are also now clearly timely and viable under the expressed language adopted by Congress in the new law.

statute of limitations, a condition that Congress specifically and expressly changed by enacting new controlling law on January 28, 2008.

A provision of the new law, 28 U.S.C. § 1605A(b), expressly states that actions may be maintained under the new law if the action (or a related action) was commenced under the old provisions of 28 U.S.C. § 1605(a)(7) not later than the latter of: (1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose.  28 U.S.C. § 1605A(b).  As Plaintiffs argued in their Motion for Leave to Amend, (Mot. Leave Amend at 4), and Reply contemporaneously filed herewith, which are each incorporated herein by reference, and their Motion for Reconsideration, (Mot. Reconsideration at 6), this case was in fact timely brought with the filing of the within Complaint on April 21, 2006, which is on its face within ten (10) years of April 24, 1996, thereby entitling Plaintiffs to the relief sought in its pending Motions.

**II.     § 1083(c)(2)(A), § 1083(c)(2)(B), § 1083(c)(3) EACH CREATE A SEPARATE JUSTIFICATION TO ALLOW PLAINTIFFS TO FILE A MOTION TO AMEND THEIR CLAIMS**

Defendants incorrectly assert that "plaintiffs do not meet the requisite statutory criteria" for filing a motion under § 1083(c)(2)(A). (Opp. Mot. Reconsider at 2).  This argument is presented out-of-context in Defendants' Opposition to the Motion to Reconsider and is completely repetitive of Defendants' arguments made in its Opposition to the Motion for Leave to File Amended Complaint.  Plaintiffs therefore adopt and incorporate herein by reference any and all of their arguments in their Reply to Defendants' Opposition to the Motion for Leave to Amend the Complaint.

In their Opposition to Plaintiffs' Motion for Leave to Amend their Complaint, Defendants primarily argue that Plaintiffs do not meet the requisite statutory criteria

because they did not rely on 28 U.S.C. § 1605(a)(7) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), otherwise known as the Flatow Amendment[2] to create a cause of action, which is flatly incorrect. Plaintiffs correct Defendants' mistaken assertion in their Reply to Defendants' Opposition to Plaintiffs Motion for Leave to Amend by pointing out that in their original Complaint, while Plaintiffs did not rely upon 28 U.S.C. § 1605(a)(7) to provide a cause of action, they did rely on it to "create", a cause of action, thereby giving them the ability to bring their claims in federal court.

A "cause of action" has been defined as "a situation or state of facts that entitles a party to maintain an action in a judicial tribunal." Black's Law Dictionary 214 (Bryan A. Garner ed., 7th ed., West 1999). Here, the relevant "situation" or "state of facts" that entitled Plaintiffs to "maintain an action" against the sovereign state of Libya before this Court included the facts set forth in Plaintiffs Complaint which demonstrated that that Libya was in fact a state sponsor of terrorism, and with regard to the Rome Airport Attack, provided the material support, aid, direction and resources such that the American Nationals, the Plaintiffs' in this action, were killed and/or injured. In addition, 28 U.S.C. § 1605(f), which formerly prescribed the statute of limitations period for 28 U.S.C. § 1605(a)(7), related back to, modified and informed any reading of 28 U.S.C. § 1605(a)(7). 28 U.S.C. § 1605(f), being part of 28 U.S.C. § 1605(a)(7), Plaintiffs therefore necessarily relied upon 28 U.S.C. § 1605(f), which was subsequently deleted and replaced in the Defense Authorization Act by 28 U.S.C. § 1605A(b).

---

[2] Section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), or the Flatow Amendment, is codified at 28 U.S.C. § 1605 note.

4

Furthermore, Plaintiffs also relied upon section 589 of the Flatow Amendment to create a cause of action in their original Complaint.  The application of binding precedent from the D.C. Circuit however would overrule the applicability of the Flatow Amendment to Defendants in this case.  *See Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1034 (D.C. Cir. 2004).

Defendants also argue that if Plaintiffs do not qualify under § 1083(c)(2)(A) to file a motion to proceed under the Defense Authorization Act, then Plaintiffs can not separately qualify under the waiver provision found at § 1083(c)(2)(B) to "refile" their claims.  Plaintiffs however clearly qualify to file a motion under § 1083(c)(2)(A) so this case should be "given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code."  As Plaintiffs describe above, they do qualify under the statutory requirements of § 1083(c)(2)(A).  In addition, § 1083(c)(2)(B) provides a further and separate authorization for Plaintiffs to file an amended complaint under the new law.  § 1083(c)(2)(B)(i) explicitly addresses only cases that qualify under "subparagraph A" or § 1083(c)(2)(A).  In contrast to § 1083(c)(2)(B)(i), § 1083(c)(2)(B)(ii) does not mention subparagraph A and therefore must be addressing all other cases that were originally brought under 28 U.S.C. § 1605(a)(7), as in the instant case, and can be "refiled under section 1605A(c) of title 28."

Defendants finally seek to preclude the applicability of § 1083(c)(2)(B)(ii) when they argue that as "plaintiffs have not refiled their action under § 28 U.S.C. § 1605A(c) (*see* section 1083(c)(2)(B)(ii)), the waiver provisions of Section 1083(c)(2)(B) do not apply."  (Opp. Mot. Reconsideration at 3).  But Defendants' argument concedes the potential applicability of § 1083(c)(2)(B)(ii) to Plaintiffs.  The only potential obstacle

standing between Plaintiffs and the waiver provisions of § 1083(c)(2)(B)(ii), according to Defendants' argument, is Plaintiffs' alleged failure to refile under § 28 U.S.C. § 1605A(c). Defendants assume—without any support from the statutory text—that refile means to file a new complaint rather than to file for leave to amend the complaint, which means to refile the complaint in amended form. In the instant action, Plaintiffs have indeed timely moved this Court for Leave To File Amended Complaint, which said Motion is pending before this Court, and which the Plaintiffs pray the Court will forthwith grant. Plaintiffs are separately filing a related action to assure the protection of their rights under the newly enacted legislation as they continue to seek justice before this court for the clear sponsorship of terrorism, resulting in the death and/or injury to the Plaintiffs, as materially supported and/or caused by the named defendants.

## CONCLUSION

On the basis of a "controlling or significant change in the law", and in the compelling interests of justice, Plaintiffs respectfully request the Court to reconsider and vacate its Order of July 9, 2007, an interlocutory decision, that dismissed the Plaintiffs' claims for failing to file their case within the applicable statute of limitations pursuant to Fed. R. Civ. P. 54(b), the newly enacted legislation and applicable law making it clear that Plaintiffs are entitled to the relief sought.

March 27, 2008        Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.463.1818
Facsimile: 202.463.2999

By: _/s/Richard D. Heideman_____

    _/s/ Tracy Reichman Kalik_____
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

_/s/Steven R. Perles_____
Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Counsel for Plaintiffs*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

*Of Counsel for Plaintiffs*