## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTATE OF JOHN BUONOCORE III,            )
et al.                                   )
                                         )
      Plaintiffs,                      )
                                         )
      v.                               )          Case No. 1:06-cv-00727-GK
                                         )
GREAT SOCIALIST PEOPLE'S LIBYAN          )
ARAB JAMAHIRIYA, et al.                  )
                                         )
      Defendants.                      )

### DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libya defendants"), by undersigned counsel, and pursuant to Local Civil Rule 7, hereby move for leave of Court to file by Monday, March 31, 2008 separate Surreplies to: a) plaintiffs' Reply to defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint; and b) plaintiffs' Reply to defendants' Opposition to plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order by, and in support thereof state as follows:

1.      On February 22, 2008, plaintiffs filed with this Court a Motion for Reconsideration of Court's July 9, 2007 Order dismissing with prejudice all claims against the Libya defendants, as well as a Motion for Leave to File an Amended Complaint.

2.      On March 24, 2008, defendants filed separate Oppositions to plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order and Motion for Leave to File an Amended Complaint.

3.    On March 27, 2008, plaintiffs filed separate Replies to each of defendants' Oppositions, respectively.

4.    Although plaintiffs previously argued in their Motion for Leave to Amend and Motion for Reconsideration that the Defense Authorization Act for Fiscal Year 2008 *in general* gave plaintiffs authority to amend their Complaint, in their Replies, plaintiffs argue for the first time that their original Complaint relied upon 28 U.S.C. § 1605(a)(7) and section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) to create causes of action, and that plaintiffs are entitled therefore to amend their Complaint pursuant to § 1083(c)(A)(iv). Plaintiffs are incorrect.  Plaintiffs did not rely upon 28 U.S.C. § 1605(a)(7) as creating a cause of action, nor was plaintiffs' original Complaint adversely affected on the grounds that either 28 U.S.C. § 1605(a)(7) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 fail to create a cause of action against the state.  *See* § 1083(c)(A)(iii).  Plaintiffs' original Complaint was dismissed because plaintiffs' failed to timely file their claims pursuant to 28 U.S.C. § 1605(f).  *See* July 9, 2007 Order and Memorandum Opinion at *13, Dkt. No. 17, herein ("In sum, the Plaintiffs did not bring their Complaint within a reasonable amount of time after Congress waived sovereign immunity for state sponsors of terrorism in 1996.  Accordingly, Plaintiffs' Complaint is time-barred and must be dismissed.").

5.    A surreply may be filed by leave of Court to address new matters raised in a reply.  *See Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 112 (D.D.C. 2002).  "If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply." *Flynn v. Veazey*

*Construction Corp.*, 310 F.Supp.2d 186, 189 (D.D.C. 2004) (citations omitted); see also *Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 195 (D.C. Cir. 1992) ("To consider an argument discussed for the first time in reply would be manifestly unfair to the appellee who, under our rules, has no opportunity for a written response.").

6.      Defendants will be unduly prejudiced if not permitted to respond to plaintiffs' new arguments raised in their Replies.  For example, plaintiffs argue that they did not rely upon 28 U.S.C. § 1605(a)(7) to provide a cause of action, but only to "create" a cause of action. Defendants should be afforded the opportunity to respond to this, and other new arguments raised in plaintiffs' Replies for the first time.

7.      Undersigned counsel certifies that in accordance with Local Rule LCvR 7(m), he has consulted with plaintiffs' counsel regarding this motion and that plaintiffs oppose the relief requested herein.

WHEREFORE, defendants request that the Court grant their Motion for Leave to File Surreply and order that defendants shall have until March 31, 2008 to file: a) a Surreply to plaintiffs' Reply to defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint, and b) a Surrpely to plaintiffs' Reply to defendants' Opposition to plaintiffs' Motion for Reconsideration of Court's July 9, 2007.

Respectfully, Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By:  _____*Thomas J. Whalen*_____
    Thomas J. Whalen, Esq. (Bar No. 208512)
    Mark A. Johnston, Esq. (Bar No. 455764)
    1747 Pennsylvania Ave., N.W.,
    Twelfth Floor
    Washington, D.C. 20006
    (202) 659-6600
    twhalen@eckertseamans.com
    mjohnston@eckertseamans.com

    Wendy West Feinstein, Esq. (Pa ID No. 86698)
    *Admitted Pro Hac Vice*
    600 Grant Street
    44th Floor
    Pittsburgh, PA  15219
    (412) 566-6000
    wfeinstein@eckertseamans.com

    Counsel for Defendants, Great Socialist People's
     Libyan Arab Jamahiriya, Libyan Internal
     Security, Libyan External Security, Mu'Ammar
     Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
     Al-Bishari

Dated:  March 27, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Motion for Leave to File Surreply** was electronically filed and served, this 27th day of March, 2008, to:

Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036

Steven R. Perles
PERLES LAW FIRM, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036

_____*Thomas J. Whalen*_____
Thomas J. Whalen