# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTATE OF JOHN BUONOCORE III,     )
et al.     )
     )
     Plaintiffs,     )
     )
     v.     )     Case No. 1:06-cv-00727-GK
     )
GREAT SOCIALIST PEOPLE'S LIBYAN     )
ARAB JAMAHIRIYA, et al.     )
     )
     Defendants.     )

## DEFENDANTS' EXPEDITED MOTION FOR EXTENSION OF TIME

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security, Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari (the "Libyan defendants"), by undersigned counsel, hereby move pursuant to Fed. R Civ. P. Rule 6 for an extension of time for defendants to answer, move or otherwise respond to the Amended Complaint until a date ordered by the Court at the April 24, 2008 Status Conference.  In support of this Motion, defendants state as follows:

1.     On January 28, 2008, the President signed the National Defense Authorization Act of 2008, Pub. Law No. 110-181.  Section 1083, entitled "Terrorism Exception to Immunity", purports to amend 28 U.S. C. § 1605(a)(7) by substantially revising the FSIA.  The provisions of § 1083 have been codified at 28 U.S. C. § 1605A.

2.     On February 22, 2008, plaintiffs filed with the Court a Motion for Reconsideration of Court's July 9, 2007 Order and a Motion for Leave to File an Amended Complaint based upon the enactment of the new legislation.  Defendants opposed both Motions.

3.     On March 27, 2008, plaintiffs filed a new action substantially similar to the Amended Complaint attached to their Motion for Leave to Amend in this case.  The new complaint was filed as a related case to the instant matter and is captioned as *Simpson, et al. v. Great Socialist People's Libyan Arab Jamahiriya, et al.*, Case No. 1:08-cv-00529-GK.

4.     On March 28, 2008, the Court granted plaintiffs' Motion for Leave to Amend. The Court did not rule on plaintiffs' Motion for Reconsideration of Court's July 9, 2007 Order.

5.     On March 28, 2008, plaintiffs filed an Amended Complaint in this matter stating new claims pursuant to 28 U.S.C. § 1605A, or in the alternative, pursuant to 28 U.S.C. § 1605(a)(7).

6.     On March 31, 2008, the Court ordered that the parties appear for a Status Conference on April 24, 2008 at 10:15 a.m.  Five days prior to the Status Conference, the parties must submit a joint report indicating 1) whether the two pending cases should be consolidated; 2) what procedural problems if any are created with the filing of the new complaint; and 3) the present status of the cases including what needs to be done to move forward to trial and/or the filing of dispositive motions.

7.     Pursuant to Fed. R. Civ. Pro. 15(a)(3), defendants' response to the Amended Complaint is currently due April 11, 2008.  Defendants intend to file a preliminary dispositive motion seeking dismissal of the Amended Complaint.

8.     The Court's March 31, 2008 Order requests that the parties advise whether the two cases should be consolidated, and whether the filing of the new complaint creates any procedural problems.  Defendants respectfully submit, that in the interest of judicial economy, these important issues should be resolved prior to the filing of any motion to dismiss in this case. In addition, the Court has asked the parties to present a status report concerning the filing of

dispositive motions. Defendants propose that the parties submit a briefing schedule related to their preliminary dispositive motion for consideration by the Court at the April 24, 2008 Status Conference.

9.    In addition, defendants request a brief extension of time to answer, move or otherwise respond to the Amended Complaint due the complex issues concerning the new legislation, as well as the apparent change in the governing statute from the former 28 U.S. C. § 1605(a)(7) to the new 28 U.S. C. § 1605A (both procedurally and substantively). Defendants require additional time to analyze the application of the new legislation to the pending case, as well as to determine whether arguments previously raised in their original Motion to Dismiss (and not ruled upon by the Court's July 9, 2007 Memorandum Opinion and Order) are still viable in light of the new legislation.

10.    For the foregoing reasons, defendants request that the Court issue a briefing schedule for the filing of any dispositive motions, including defendants' preliminary motion to dismiss, at the April 24, 2008 Status Conference.

11.    This brief extension will not affect any deadline imposed by the Court, as no deadlines have yet been set in this case. No party will be prejudiced by this brief extension.

12.    No prior request for an extension of time to respond to the Amended Complaint has been made.

13.    Undersigned counsel certifies that in accordance with Local Rule LCvR 7(m), he has consulted with plaintiffs' counsel regarding this request for an extension and plaintiffs do not consent to the relief requested herein.

WHEREFORE, defendants request that the Court grant their Expedited Motion for an extension of time for defendants to answer, move or otherwise respond to the Amended Complaint until a date ordered by the Court at the April 24, 2008 Status Conference.

Respectfully, Submitted,

**ECKERT SEAMANS CHERIN**
**& MELLOTT, LLC**

By: _____/s/ Thomas J. Whalen_____
Thomas J. Whalen, Esq. (Bar No. 208512)
Mark A. Johnston, Esq. (Bar No. 455764)
1747 Pennsylvania Ave., N.W.,
Twelfth Floor
Washington, D.C. 20006
(202) 659-6600
twhalen@eckertseamans.com
mjohnston@eckertseamans.com


Wendy West Feinstein, Esq. (Pa ID No. 86698)
*Admitted Pro Hac Vice*
600 Grant Street
44th Floor
Pittsburgh, PA  15219
(412) 566-6000
wfeinstein@eckertseamans.com

Counsel for Defendants, Great Socialist People's
  Libyan Arab Jamahiriya, Libyan Internal
  Security, Libyan External Security, Mu'Ammar
  Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
  Al-Bishari

Dated:  April 11, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Expedited Motion for Extension of Time** was electronically filed and served, this 11th day of April, 2008, to:

Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036

Steven R. Perles
PERLES LAW FIRM, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036


_____/s/ Thomas J. Whalen_____
Thomas J. Whalen