## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )

Estate of John Buonocore III, *et al.*,   )
                                    )

                Plaintiffs,   )

                 v.             )      Civil Action No. 06-00727 (GK)

Great Socialist People's Libyan   )
Arab Jamahiriya, *et al.*,           )

                Defendants.   )
_____)

### PLAINTIFFS' PRAECIPE REGARDING STATUS OF FURTHER PROCEEDINGS BEFORE THIS COURT

COME NOW the Plaintiffs, and pursuant to this Court's Minute Order entered March 31, 2008 file this Praecipe to advise the Court as to proposed further proceedings before this Court:

1.     On January 28, 2008, the National Defense Authorization Act of 2008, Pub. L. No. 110-181 was enacted. Section 1083 of this Act amends the Foreign Sovereign Immunities Act by deleting 28 U.S.C. § 1605(a)(7), which was previously known as, the "state sponsored terrorism" exception to sovereign immunity, under which this cause of action was brought, and replaces it with 28 U.S.C. § 1605A.

2.     Following the enactment of the National Defense Authorization Act of 2008, Plaintiffs filed for leave to file an Amended Complaint in this matter which:

a.   clarified that all Plaintiffs are bringing claims under 28 U.S.C. §

1605A and pursuant to the federal cause of action created by §

1605A(c);

b.   clarified that damages, including punitive damages, were being

sought against all Defendants, including both the foreign states of

Libya and Syria, and the instrumentalities and individuals named;

and

c.   added as party plaintiffs additional U.S. national plaintiffs whose

deaths and injuries arise out of the Rome Airport Attack;

specifically the claims of the Estate of Natasha Simpson, Victor

Simpson, Michael Simpson and Daniella Simpson, ("Simpson

Plaintiffs"), and Fayed Sweis, Saied Sweis and Juliet Sweis.

("Additional Sweis Plaintiffs").

3.     On March 28, 2008, the Court granted the Plaintiffs leave to file the

Amended Complaint and the Amended Complaint was filed by the Clerk

of Court.

4.     In addition, because of certain deadlines described in the National Defense

Authorization Act of 2008, which may have required the Plaintiffs to file

their new 28 U.S.C. § 1605A(c) claims by March 28, 2008 and because of

the uncertainty that the Court would issue its ruling on their Motion for

Leave to File an Amended Complaint prior to March 28, 2008, Plaintiffs

filed a new related action, *Simpson v. Great Socialist People's Libyan

Arab Jamahiriya*, Case No. 08-cv-529-GK.

5.      The new *Simpson* matter, which was filed as a related matter, contains the same allegations and all the same parties that are included in the Amended Complaint that has now been filed as a matter of record in this action.

6.      Plaintiffs believe that the *Simpson* matter and this matter should be consolidated for all purposes as the two actions are identical, now containing the same plaintiffs, defendants, allegations and causes of action.  Consolidation is favored under Fed. R. Civ. P. 42(a) as these "actions before the court involve a common question of law or fact" and every factor that classically weighs in favor of consolidation under Rule 42 applies in this case.

7.      Whether the defendants are entitled to seek dismissal of all or part of the *Buonocore* or *Simpson* matters based upon various defenses is not the issue before the Court at this time, and is not an issue for the Court to consider when deciding whether these cases should be consolidated.  Even if the matters are consolidated, the Defendants would not be prejudiced as they would be entitled to raise the same grounds for dismissal and/or affirmative defenses as they would otherwise be entitled to raise if the matters were not consolidated.  Consolidation is an issue of judicial economy and is proper in this instance where common issues of fact and law are before the Court

8.      Plaintiffs also request that Defendants waive service of process with respect to the new *Simpson* matter, as the Federal Rules of Civil Procedure contemplate, but that if Defendants' counsel fails to so agree, that this

Court order counsel for the Libyan Defendants in this matter to accept service on their behalf.   In the alternative, should the Court not order Defendants to accept service, Plaintiffs request that the costs associated with serving the Defendants be assessed to the Defendants.

9.      Plaintiffs do not believe that the filing of the *Simpson* matter presents any procedural problems in this matter and have brought it to unequivocally insure that their rights to assert their claims under 28 U.S.C. § 1605A(c) are fully protected.  Plaintiffs assert that once the matters are consolidated that they may proceed together in every regard, including discovery, the filing of dispositive motions and trial and judgment.

10.      Plaintiffs have been advised by the Defendants that they intend to file a Motion to Dismiss the Amended Complaint.  Plaintiffs respectfully request that this Court enter a briefing schedule for the Motion to Dismiss as follows: the Defendants should file their Motion and any other pleadings responsive to the Amended Complaint which were originally due on April 11, 2008, and to the consolidated Simpson Complaint, by May 19, 2008;  Plaintiffs will file their Opposition by June 13, 2008 and Defendants' Reply, if any, shall be due by June 18, 2008; after which the matter shall stand submitted to the Court for ruling.

11.      In addition to the briefing schedule described above, for the reasons set forth below, and without staying any of the further proceedings which are set forth herein, Plaintiffs respectfully request that this Court immediately

order the parties into a court-sponsored mediation or settlement

conference.

12. Counsel for Plaintiffs has been advised by the United States Department

of State that the Libyan Defendants are currently involved in discussions

with the United States Department of State for the purpose of reaching a

comprehensive settlement involving cases pending against Libya for acts

of terrorism against United States citizens.[1]  As this Status Conference is

believed to be the first appearance before any court in cases for acts of

terrorism pending against Libya scheduled since the Libyan meetings with

the  Department of State, it therefore presents the first opportunity for the

Libyan Defendants to confirm their representations to the Department of

State on the judicial record, and to do what they have said publicly and

privately they intend to do, and accordingly they should agree to this

Court ordering the requested court supervised mediated settlement

conference.

13. The Plaintiffs propose that either Magistrate Judge Facciola or Magistrate

Judge Kay be assigned to supervise such mediated settlement proceedings,

as Magistrate Judge Robinson is presently involved in a disputed

settlement matter involving Libyan liability for acts of terrorism, and in

which Steven R. Perles, Esq., co-counsel for Plaintiffs, is directly

involved.  In that matter, *Beecham v. Socialist People's Libyan Arab

Jamahiriya*, CA 01-2243 (RWR), there is a pending motion to enforce the

---

[1] Wall Street Journal website,
http://online.wsj.com/article/SB120708876539881593.html?mod=googlenews_wsj (last visited  April 14, 2008).

settlement agreement.[2]  Moreover, in Libya's Opposition to the Motion to Enforce the Settlement Agreement, Libya asserted that the Libyan Supreme Court Justice who represented that he was authorized to negotiate and settle claims on Libya's behalf was not so authorized and had no apparent authority.   The Plaintiffs therefore request this Court, as a condition to entering any order related to mediated settlement proceedings before a Magistrate Judge,  require Libya's counsel to confirm that any Libyan negotiators who appear at such conference will have binding authority to negotiate a settlement in this matter..

14.     Accordingly, the Plaintiffs, in accordance with the Court's minute entry, have sought the consent of the Defendants to the filing of a Joint Praecipe, and the Defendants have advised Plaintiffs' counsel that they do not consent to the foregoing as a Joint Praecipe of the parties.  In the absence of such consent, as the parties were unable to agree to a language for a joint filing, the foregoing constitutes the Praecipe of the Plaintiffs as to proposed further proceedings before the Court.

April 18, 2008                    Respectfully Submitted,

                                  HEIDEMAN NUDELMAN & KALIK, PC
                                  1146 19th Street NW, Fifth Floor
                                  Washington, DC 2008
                                  Telephone: 202.463.1818
                                  Facsimile: 202.463.2999

                                  By:  _/s/Richard D. Heideman_____

                                    _/s/ Tracy Reichman Kalik_____
                                    Richard D. Heideman (No. 377462)

---

[2] Beecham v. Socialist People's Libyan Arab Jamahiriya, CA 01-2243, Motion to Enforce the Settlement Agreement, docket #98 (RWR) (filed September 19, 2006).

Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

Steven R. Perles (No. 326975)
Edward MacAllister   (No. 494558)
THE PERLES LAW FIRM, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax:     202-955-3806

*Of Counsel for Plaintiffs:*

F. R. Jenkins (Virginia Bar No. 36302)
Meridian 361 International Law
Group, PLLC
Temple Court Chambers
New Court
Temple
London EC4Y 9BE
United Kingdom
Tel. + 1-866-338-7087
Facsimile + 1-202-315-3894

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 18th day of April, 2008, I caused the above Plaintiffs' Praecipe Regarding Status of Further Proceedings before this Court to be electronically filed and served on the following counsel for the Defendants:

Thomas J. Whalen, Esq.
Mark A. Johnston, Esq.
Eckert Seamons Cherin & Mellott, LLC
747 Pennsylvania Ave, NW
Twelfth Floor
Washington, DC  20006

Wendy West Feinstein, Esq.
Eckert Seamons Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

            *Tracy Reichman Kalik, Esq.*