## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTATE OF JOHN BUONOCORE III, )
et al. )
)
)
            Plaintiffs, )
)
        v. )        Case No. 1:06-cv-00727-GK
)
GREAT SOCIALIST PEOPLE'S LIBYAN )
ARAB JAMAHIRIYA, et al. )
)
            Defendants. )

## DEFENDANTS' PRAECIPE

Defendants, Great Socialist People's Libyan Arab Jamahiriya, Libyan Internal Security,

Libyan External Security, Mu'Ammar Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim Al-Bishari

(the "Libyan Defendants"), pursuant to the Court's March 31, 2008 Order requesting a joint

status report from the parties[1] addressing issues identified by the Court, hereby submit the

following Praecipe and state as follows:

I.      **Whether the newly filed action in *Simpson v. Great Socialist People's Libyan Arab
        Jamahiriya*, Case No. 08-cv-529, should be consolidated with the instant case,
        Case No. 06-cv-727.**

The two actions should not be consolidated. Both complaints have *identical* claims and

parties. Rule 42 of the Federal Rules of Civil Procedure does not contemplate the consolidation

of identical complaints, only separate actions that involve a common question of law or fact.

Parties are not entitled to pursue duplicative actions.

---

[1] Prior to filing, defendants provided plaintiffs with a proposed Joint Praecipe for their consideration and review.
However, the parties were not able to reach an agreement on the filing of a Joint Praecipe. Accordingly, defendants
submit the following as their status report to the Court.

Moreover, pursuant to the new legislation[2] the Amended Complaint in the instant matter could only be filed pursuant to Section 1083(c)(2)(A) as a "refiled" action, whereas the Complaint in *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 08-cv-529 could only be filed as a "Related Action" pursuant to Section 1083(c)(3). Defendants do not believe that the Amended Complaint in the present matter qualifies as a "prior action" within the meaning of Section 1083(c)(2), or that the Complaint in *Simpson* qualifies as a related action as defined by Section 1083(c)(3). The requirements and limitations of refiled actions versus newly filed related actions mandate that the instant matter and *Simpson* be adjudicated as separate cases.

The provisions of Section 1083(c)(3) require that a related action may only be filed if the original action arising out the same act or incident was timely commenced under Section 1605(a)(7). In the present matter, this Court has ruled that the original Complaint was not timely commenced under Section 1605(a)(7) and denied plaintiffs' Motion to Reconsider its July 9, 2007 Order. Accordingly, the present case should not be consolidated with *Simpson* because there are separate arguments to be made with respect to the statutory requirements concerning the timeliness of refiled and related actions.

In addition, both the Amended Complaint in this case and the Complaint in *Simpson* seek to assert claims under Section 1605A on behalf of both the original plaintiffs in *Buonocore*, as well as newly added parties. This is impermissible under the express terms of the statute. Section 1083(c)(2)(A) only permits "plaintiffs" in a prior action to file a motion with the U.S. District Court where the action was originally brought, or a judgment was entered, to have their action "be given effect as if" it had been originally filed under Section 1605A(c). Section

---

[2] Section 1083 of the National Defense Authorization Act of 2008, Pub. Law No. 110-181. The provisions of § 1083 have been codified at 28 U.S. C. § 1605A.

1083(c)(2)(A) does not provide for the joinder of additional parties in a refiled action. As a result, the statute does not allow additional parties to state claims in a refiled action as plaintiffs have attempted to do with the filing of their Amended Complaint in *Buonocore*. Subject to a motion to dismiss on substantive grounds, the Amended Complaint in the present case should be limited to claims asserted by those plaintiffs in the original Complaint.

Similarly, the provisions of Section 1083(c)(3), if these provisions applied, which they do not, do not permit party plaintiffs in a pending action to file identical claims in a new matter arising out the same incident as plaintiffs have done in *Simpson*. Section 1083(c)(3) simply states that "any *other action* arising out of the same act or incident may be brought under section 1605A . . ." (emphasis added). The plaintiffs in *Simpson* who have alleged claims pursuant to Section 1605A in *Buonocore* have not brought *another action* pursuant to Section 1083(c)(3), but rather have simply brought duplicative claims as those asserted in their Amended Complaint in *Buonocore*. Section 1083(c)(3) contemplates the filing of "Related Actions" only, not the refiling of identical claims. Therefore, the Complaint in *Simpson* filed as a related action should be limited to those claims of the newly added parties—those parties which cannot be added to the refiled claims in *Buonocore* under Section 1083(c)(2)(A).

Given the express terms of Section 1083 and the distinct differences between refiled and related actions under the statute, this matter and *Simpson v. Great Socialist People's Libyan Arab Jamahiriya*, Case No. 08-cv-529 should not be consolidated. Each matter should proceed pursuant to the applicable subsection of Section 1083(c) and subject to particularized dispositive motions.

II.     **What if any procedural problems are created with the filing of the new complaint in No. 08-cv-529?**

In addition to those problems described in Section I, above, there are numerous procedural problems arising from the filing of the new complaint in Case No. 08-cv-529. For example, there would be issues regarding res judicata and/or collateral estoppel as between the two actions. There could also be duplicative discovery in each matter thereby placing an undue burden on the parties. The Court would also likely be burdened with having to decide similar and repetitive motions in each matter. In short, the filing of the new complaint creates unnecessary obligations for both the parties and the Court in resolving plaintiffs' claims which are identical in every respect.

In addition, plaintiffs in *Simpson* must properly serve defendants before that case may proceed. Undersigned counsel is not authorized to accept service on behalf of the defendants and, in fact, moved for the dismissal of the original Complaint on the grounds of lack of service with respect to certain defendants in this case. Thus, any order compelling counsel to accept service on behalf of defendants would be wholly inappropriate. A summons has been issued in *Simpson*, but to date there is no proof that the defendants have been served in that case.

III.    **The present status of these two cases, including what needs to be done to move forward to trial and/or the filing of dispositive motions.**

The Complaint in *Simpson* has not been served and there are no pending deadlines in that matter. Defendants intend to move for the dismissal of the Complaint in *Simpson* upon service of the Complaint.

Defendants also intend to file a Motion to Dismiss the Amended Complaint in this case. Defendants request that the Court enter a briefing schedule related to defendants' preliminary dispositive motion as follows:

Defendants' Motion to Dismiss due        May 23, 2008

Plaintiffs' Opposition due               June 23, 2008

Defendants' Reply due                    July 8, 2008

Finally, in response to plaintiffs' request for early mediation or a settlement conference, defendants do not join plaintiffs in this request. The jurisdiction of the Court over defendants remains at issue and defendants intend to assert all defenses available to them at this time. A Court-ordered mediation and/or settlement conference *in the context of the claims asserted in this case* is premature at this juncture.

Respectfully Submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By:        */s/ Thomas J. Whalen*
           Thomas J. Whalen, Esq. (Bar No. 208512)
           Mark A. Johnston, Esq. (Bar No. 455764)
           1747 Pennsylvania Ave., N.W.,
           Twelfth Floor
           Washington, D.C. 20006
           (202) 659-6600
           twhalen@eckertseamans.com
           mjohnston@eckertseamans.com

           Wendy West Feinstein, Esq. (Pa ID No. 86698)
           *Admitted Pro Hac Vice*
           600 Grant Street
           44th Floor
           Pittsburgh, PA 15219
           (412) 566-6000
           wfeinstein@eckertseamans.com

           Counsel for Defendants, Great Socialist People's
             Libyan Arab Jamahiriya, Libyan Internal
             Security, Libyan External Security, Mu'Ammar
             Al-Qadhafi, Abdallah Al-Sanusi, and Ibrahim
             Al-Bishari

Dated: April 18, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Defendants' Praecipe** was electronically filed and served, this 18th day of April, 2008, to:

Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036

Steven R. Perles
PERLES LAW FIRM, P.C.
1146 19th Street, NW
5th Floor
Washington, DC 20036

_____ *Thomas J. Whalen* _____
Thomas J. Whalen