# Exhibit A

PL 110-301, 2008 S 3370                                                                                         Page 1
PL 110-301, August 4, 2008, **122 Stat 2999**
**(Cite as: 122 Stat 2999)**

**UNITED STATES PUBLIC LAWS**
**110th Congress - Second Session**
**Convening January 04, 2008**

Copr. © 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt.Works

Additions and Deletions are not identified in this database.
Vetoed provisions within tabular material are not displayed

PL 110-301 (S 3370)
August 4, 2008
LIBYAN CLAIMS RESOLUTION ACT

An Act To resolve pending claims against Libya by United States nationals, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

<< 28 USCA § 1605A NOTE >>

SECTION 1. SHORT TITLE.

This Act may be cited as the "Libyan Claims Resolution Act".

<< 28 USCA § 1605A NOTE >>

SEC. 2. DEFINITIONS.

In this Act--

(1) the term "appropriate congressional committees" means the Committee on Foreign Relations and the Committee on the Judiciary of the Senate and the Committee on Foreign Affairs and the Committee on the Judiciary of the House of Representatives;

(2) the term "claims agreement" means an international agreement between the United States and Libya, binding under international law, that provides for the settlement of terrorism-related claims of nationals of the United States against Libya through fair compensation;

(3) the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22));

(4) the term "Secretary" means the Secretary of State; and

(5) the term "state sponsor of terrorism" means a country the government of which the Secretary has determined,

for purposes of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), section 40 of the Arms Export Control Act (22 U.S.C. 2780), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism.

<< 28 USCA § 1605A NOTE >>

SEC. 3. SENSE OF CONGRESS.

Congress supports the President in his efforts to provide fair compensation to all nationals of the United States who have terrorism-related claims against Libya through a comprehensive settlement of claims by such nationals against Libya pursuant to an international agreement between the United States and Libya as a part of the process of restoring normal relations between Libya and the United States.

**\*3000**

<< 28 USCA § 1605A NOTE >>

SEC. 4. ENTITY TO ASSIST IN IMPLEMENTATION OF CLAIMS AGREEMENT.

(a) DESIGNATION OF ENTITY.--

(1) DESIGNATION.--The Secretary, by publication in the Federal Register, may, after consultation with the appropriate congressional committees, designate 1 or more entities to assist in providing compensation to nationals of the United States, pursuant to a claims agreement.

(2) AUTHORITY OF THE SECRETARY.--The designation of an entity under paragraph (1) is within the sole discretion of the Secretary, and may not be delegated. The designation shall not be subject to judicial review.

(b) IMMUNITY.--

(1) PROPERTY.--

   (A) IN GENERAL.--Notwithstanding any other provision of law, if the Secretary designates any entity under subsection (a)(1), any property described in subparagraph (B) of this paragraph shall be immune from attachment or any other judicial process. Such immunity shall be in addition to any other applicable immunity.

   (B) PROPERTY DESCRIBED.--The property described in this subparagraph is any property that--

   (i) relates to the claims agreement;  and

   (ii) for the purpose of implementing the claims agreement, is--

   (I) held by an entity designated by the Secretary under subsection (a)(1);

   (II) transferred to the entity; or

   (III) transferred from the entity.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

(2) OTHER ACTS.--An entity designated by the Secretary under subsection (a)(1), and any person acting through or on behalf of such entity, shall not be liable in any Federal or State court for any action taken to implement a claims agreement.

(c) NONAPPLICABILITY OF THE GOVERNMENT CORPORATION CONTROL ACT.--An entity designated by the Secretary under subsection (a)(1) shall not be subject to chapter 91 of title 31, United States Code (commonly known as the "Government Corporation Control Act").

<< 28 USCA § 1605A NOTE >>

SEC. 5. RECEIPT OF ADEQUATE FUNDS; IMMUNITIES OF LIBYA.

(a) IMMUNITY.--

(1) IN GENERAL.--Notwithstanding any other provision of law, upon submission of a certification described in paragraph (2)--

   (A) Libya, an agency or instrumentality of Libya, and the property of Libya or an agency or instrumentality of Libya, shall not be subject to the exceptions to immunity from jurisdiction, liens, attachment, and execution contained in section 1605A, 1605(a)(7), or 1610 (insofar as section 1610 relates to a judgment under such section 1605A or 1605(a)(7)) of title 28, United States Code;

   (B) section 1605A(c) of title 28, United States Code, section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; **\*3001** 28 U.S.C. 1605A note), section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), and any other private right of action relating to acts by a state sponsor of terrorism arising under Federal, State, or foreign law shall not apply with respect to claims against Libya, or any of its agencies, instrumentalities, officials, employees, or agents in any action in a Federal or State court; and

   (C) any attachment, decree, lien, execution, garnishment, or other judicial process brought against property of Libya, or property of any agency, instrumentality, official, employee, or agent of Libya, in connection with an action that would be precluded by subparagraph (A) or (B) shall be void.

(2) CERTIFICATION.--A certification described in this paragraph is a certification--

   (A) by the Secretary to the appropriate congressional committees; and

   (B) stating that the United States Government has received funds pursuant to the claims agreement that are sufficient to ensure--

   (i) payment of the settlements referred to in section 654(b) of division J of the Consolidated Appropriations Act, 2008 (Public Law 110-161; 121 Stat. 2342); and

   (ii) fair compensation of claims of nationals of the United States for wrongful death or physical injury in cases pending on the date of enactment of this Act against Libya arising under section 1605A of title 28, United States Code (including any action brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (28 U.S.C. 1605 note), that has been given effect as if the action had originally been filed under 1605A(c) of title 28, United

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

States Code, pursuant to section 1083(c) of the National Defense Authorization Act for Fiscal Year 2008 (Public Law 110-181; 122 Stat. 342; 28 U.S.C. 1605A note)).

(b) TEMPORAL SCOPE.--Subsection (a) shall apply only with respect to any conduct or event occurring before June 30, 2006, regardless of whether, or the extent to which, application of that subsection affects any action filed before, on, or after that date.

**\*3002**
(c) AUTHORITY OF THE SECRETARY.--The certification by the Secretary referred to in subsection (a)(2) may not be delegated, and shall not be subject to judicial review.

Approved August 4, 2008.

PL 110-301, 2008 S 3370

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.